525 So.2d 472 (1988)
Derrick POITIER, Etc., Appellant,
v.
STATE of Florida, Appellee.
No. 87-1170.
District Court of Appeal of Florida, Fifth District.
May 19, 1988.
Vincent W. Howard, Jr. of Howard & Reyes, Chartered, Sanford, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Defendant appeals from a judgment of conviction for trafficking in cocaine[1] and possession of less than 20 grams of cannabis.[2] *473 Although defendant raises several points on appeal, it is only necessary that we discuss his contention, with which we agree, that the evidence was insufficient to sustain the conviction.
When the housekeeper at Altamonte Springs Inn and Racquet Club Hotel entered a room to make it up, she saw things that "made her nervous," such as a jack knife on the floor, aluminum foil, money, and a scale in an open suitcase. She could see into the bathroom without entering it and she saw a baking soda box and an electric hot plate. She notified hotel management and left without disturbing the room.
Officer Neal, an investigator with the Altamonte Springs Police Department, was summoned to the hotel and set up surveillance of the room. The room was empty when he and Officer Rupert arrived, but 20 to 25 minutes later defendant and a female entered the room. The officer could not recall which of the two had the key. The couple was inside the room approximately 12 minutes. Defendant exited carrying a large suitcase which he placed in the trunk of the car in which the couple had arrived. The female also exited carrying paper bags which she placed in the rear of the car. The couple went back to the room, carried out more luggage, and got into the car. The female drove and the defendant rode in the passenger seat. Officer Neal radioed a marked police car and had the couple's car stopped on I-4. The couple exited and Officers Rupert and Neal saw two items on the center console; a partially burned, hand-rolled cigarette and a razor blade with a white powder residue on it. Officer Neal smelled the odor of marijuana. The couple was placed under arrest for possession of marijuana.
A search of the car and its contents revealed a rock of cocaine weighing approximately 52 grams rolled up in a sock in the luggage, drug paraphernalia, currency and a revolver. As with the hotel, there was no evidence as to who rented the car. Although there were men's clothes in the luggage, there was no evidence that the clothes belonged to the defendant. A test for fingerprints on the contents of the luggage proved negative. The testimony of the State's witnesses also revealed that the hotel room in question was unobserved by anyone for somewhere between fifty minutes and an hour and twenty minutes after the maid departed and before the police arrived. The trial court denied defendant's motion for judgment of acquittal for insufficiency of evidence at the close of the State's case,[3] and we reverse.
Defendant argues that proof that he was in the motel room for a few minutes, that he carried luggage to the car and that he rode in the car were insufficient occurrences to establish his actual or constructive possession of the cocaine. He points out that his fingerprints were not found on the contents of the suitcases and there was no evidence that the bags, motel room or car belonged to or were rented by him.
To establish defendant's constructive possession, the State was required to prove three essential elements: (1) his dominion and control over the contraband; (2) his knowledge that the contraband was within his presence; and (3) his knowledge of the illicit nature of the contraband. Brown v. State, 428 So.2d 250 (Fla. 1983), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983). Knowledge of the presence of the contraband could not be inferred because the contraband was found in an automobile over which defendant did not have exclusive possession. Defendant's ability to control the contraband cannot be inferred because the contraband was found in the joint, rather than exclusive, possession of defendant. Metzger v. State, 395 So.2d 1259 (Fla. 3d DCA 1981); Taylor v. State, 319 So.2d 114 (Fla. 2d DCA 1975).
The State does not point to any facts in its case which were susceptible only of an *474 inference of defendant's guilt. Instead, the State attacks the defendant's story and labels defendant's denial of seeing the hot plate or baking soda in the bathroom as "incredible." The State contends the defendant must have had his eyes closed not to have seen those items in plain view. This argument overlooks the fact that the room was unobserved for a long time and that anyone could have entered and packed all the items. However, even if we assume that no one entered the room between the time the maid left and the police arrived and that the defendant saw exactly what the maid saw, this would still be insufficient to prove constructive possession. The things which the maid saw are not contraband items and in no way link defendant to the cocaine. The maid did not testify that she saw any contraband in the room.
The State failed to show the defendant's constructive possession of the cocaine, and there were no facts from which the jury could infer defendant's constructive possession. In Newberry v. State, 442 So.2d 334, 336 (Fla. 5th DCA 1983) this court stated:
Where there is a reasonable hypothesis of innocence based on undisputed circumstantial facts, without resort to weighing issues of credibility, there can be no basis for a verdict of guilt (beyond and to the exclusion of every reasonable doubt)  hence, there would be an absence of substantial (as opposed to merely competent) evidence to submit to a jury.
Here, without weighing issues of credibility, there were simply no facts upon which the jury could infer defendant's guilt. Because the State failed to prove that the defendant regularly occupied or used the hotel room or the automobile or had a relationship with its renter, defendant's mere proximity to the cocaine in a suitcase which he neither owned nor which contained any of his possessions was insufficient to prove possession. See Diaz v. State, 467 So.2d 1061 (Fla. 3d DCA 1985); Johnson v. State, 456 So.2d 923 (Fla. 3d DCA 1984). Similarly, the mere fact that a minute (less than .1 gram) amount of marijuana was found on the console of the car in which defendant was only a passenger is insufficient as a basis for an inference that he had constructive possession of it. Thus, it appears defendant's motion for judgment of acquittal should have been granted and his conviction for trafficking in cocaine and for possession of marijuana must be reversed.
REVERSED.
DANIEL, J., concurs.
COWART, J., dissents without opinion.
NOTES
[1] § 893.135(1)(b)(1), Fla. Stat. (1985).
[2] § 893.13(1)(e), (1)(f), Fla. Stat. (1985).
[3] A similar motion was made at the close of the defendant's case following exculpatory testimony by defendant and the woman who was with him at the time, but we consider only the State's evidence in determining whether it presented sufficient evidence to convict. Once past that point, the weight of the evidence is for the jury.