543 So.2d 1308 (1989)
Archie NELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-01125.
District Court of Appeal of Florida, Second District.
May 31, 1989.
James Marion Moorman, Public Defender, and A. Anne Owens, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Archie Nelson appeals his conviction for resisting an officer without violence. We reverse.
Nelson was convicted of felony petit theft and resisting an officer without violence. The only evidence presented at trial relating to the resisting charge is set forth below. Officers Reece and Swank of the Lakeland Police Department, while on routine patrol, saw Nelson standing near a building with something in his arms. Nelson ran at the sight of the marked police cruiser. Officer Reece testified that he thought it was suspicious for a person to run when observing a police vehicle. For this sole reason, Reece pursued Nelson and found him nearby lying on his stomach inside a fenced area. Nelson furnished his name and address to the officers, when requested, and climbed back over the fence *1309 when the officers asked him to do so. The officers handcuffed Nelson and secured him in the back of the squad car. Then the officers found packages of lunch meat on the ground where Reece had first observed Nelson. Later the officers learned that this lunch meat had been stolen from a convenience store.
Defense counsel moved for a judgment of acquittal, both at the end of the state's case and at the conclusion of the evidence, arguing that there was insufficient identification of Nelson as the person committing the theft. The trial judge denied the motions. On appeal, Nelson argues that his conviction for resisting an officer should be reversed because the undisputed evidence fails to establish a prima facie case of that crime.[*]
The offense of resisting an officer requires proof that the defendant obstructed or opposed an officer who was engaged in the lawful execution of a legal duty. § 843.02, Fla. Stat. (1985). When Nelson ran, there was nothing for him to resist. Flight, standing alone, will not justify a stop of an individual by a police officer, Wilson v. State, 433 So.2d 1301 (Fla. 2d DCA 1983), nor will it support a charge of obstructing a police officer in the lawful execution of a legal duty. C.K. v. State, 487 So.2d 93 (Fla. 3d DCA 1986). Reece pursued Nelson on a mere hunch that Nelson's flight was suspicious. Once Reece found Nelson, Nelson complied with the officers' requests. Accordingly, Nelson's conduct did not constitute the crime of resisting an officer.
The state argues that this issue was not preserved for appeal because Nelson failed to raise this ground in his motions for judgment of acquittal. Generally, a defendant must articulate the correct grounds in a motion for judgment of acquittal in order for an appellate court to review the issue. Johnson v. State, 478 So.2d 885 (Fla. 3d DCA 1985), cause dismissed, 488 So.2d 830 (Fla. 1986). This case, however, is not the usual failure of proof case. Instead, this is a situation where Nelson's conduct did not constitute the crime of resisting an officer. Even though this issue was not raised in the trial court, it would be fundamental error not to correct on appeal a situation where Nelson stands convicted of a crime that never occurred. See Dydek v. State, 400 So.2d 1255 (Fla. 2d DCA 1981); Williams v. State, 516 So.2d 975 (Fla. 5th DCA 1987) (en banc), review denied, 525 So.2d 881 (Fla. 1988). Accordingly, we reverse Nelson's judgment and sentence for resisting an officer without force.
RYDER, A.C.J., and FRANK, J., concur.
NOTES
[*] The state did not contest this argument on appeal.