593 So.2d 1165 (1992)
Livingston PERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 90-749.
District Court of Appeal of Florida, First District.
February 13, 1992.
*1166 Clyde M. Collins, Jr., Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
Appellant was convicted of sale of cocaine and obstructing a police officer without violence. Appellant raises two issues: (1) Whether the trial court erred in not striking the venire panel where the prosecutor exercised two preemptory challenges against black jurors, and (2) whether the trial court erred in denying appellant's motion for judgment of acquittal as to the charge of obstructing a police officer without violence. We find no abuse of discretion in the trial court's determination that the prosecution's challenges were not racially motivated, and affirm as to that issue without further discussion. See Files v. State, 586 So.2d 352 (Fla. 1st DCA 1991). We also find no merit in appellant's other assertion.
On November 9, 1989, Detective Thurne, dressed in plain clothes, was portrayed to be a passenger in a taxicab driven by a fellow undercover detective. Detective Thurne was accompanied by a white female, and they proceeded to the intersection of Day and Fitzgerald Streets in Jacksonville. The detective observed a black male identified as Johnny Griggs standing on the edge of the street. Griggs yelled something, the taxi stopped, and Detective Thurne purchased $20 of what appeared to be crack cocaine. Detective Thurne testified that another individual climbed over the fence and approached the vehicle saying, "Don't buy his, buy mine." This individual was identified as the appellant, Livingston Perry. Perry placed a baggie into the detective's hand containing four or five pieces of crack cocaine. The detective did not give money to Perry because he had already given a take-down signal to the surveilling undercover officers.
Detective Richardson, one of the uniformed police officers who participated in the buy-bust operation, testified that he first observed the appellant standing near the taxi and yelled, "Police!" Appellant looked directly at the officer and ran and jumped over a fence. Appellant was arrested several minutes later.
In order to sustain a conviction under section 843.02, Florida Statutes (1989), the state must prove that (1) the officer was engaged in the lawful execution of a legal duty, and (2) the action by the defendant constituted obstruction or resistance of the lawful duty. The facts in this case leave no doubt that Officer Richardson was engaged in a lawful duty. He was responding to a take-down call by undercover agents to whom the appellant had attempted to sell cocaine. He was attempting to arrest appellant.
Several cases have held that flight, standing alone, will not support a charge of obstructing a police officer in the lawful execution of a legal duty. See Nelson v. State, 543 So.2d 1308 (Fla. 2nd DCA 1989); F.E.C. v. State, 559 So.2d 413 (Fla. 2nd DCA 1990). In F.E.C. v. State, the court noted that flight may be grounds for an obstruction charge if the individual flees knowing of the officer's intent to detain *1167 him, and if the officer is justified in making the stop. That court reasoned that the flight then frustrates the officer's right to make the stop and any inquiries. We find that under the facts of this case, the flight, coupled with the apparent knowledge of the appellant that he was the target of a lawful arrest by the police, constituted an obstruction of the officer's execution of a legal duty.
We therefore affirm.
WIGGINTON and BARFIELD, JJ., concur.