605 So.2d 589 (1992)
Melvin BREEDLOVE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2567.
District Court of Appeal of Florida, Fourth District.
September 30, 1992.
*590 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant moved for judgment of acquittal on a charge of resisting arrest without violence because he claimed that the officer was not engaged in the lawful execution of a legal duty when trying to stop appellant. See Nelson v. State, 543 So.2d 1308 (Fla. 2d DCA 1989). The state charged that appellant resisted arrest by fleeing from Officer Arney when he attempted to stop appellant. The issue is whether the officer had an articulable suspicion of illegal activity when he attempted the stop. The officer saw appellant crossing a vacant field. When appellant saw the officer, he made a furtive movement as if to hide something behind his back and ran away. The officer ordered appellant to stop and then pursued but lost sight of appellant. This is insufficient to justify a stop. "Suspicious or furtive movements are not reasonable grounds to justify a stop and detention, even when combined with flight in a high crime area." Daniels v. State, 543 So.2d 363 (Fla. 1st DCA 1989). See also Nelson v. State, 543 So.2d 1308 (Fla. 2d DCA 1989); R.B. v. State, 429 So.2d 815 (Fla. 2d DCA 1983).
Since the officer had no grounds to stop appellant, appellant cannot be resisting the officer by running away. We therefore reverse the conviction and sentence for resisting arrest without violence.
ANSTEAD, WARNER, JJ., and WALDEN, JAMES H., Senior Judge, concur.