647 So.2d 206 (1994)
Michael Kevin HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-605.
District Court of Appeal of Florida, First District.
July 29, 1994.
Nancy A. Daniels, Public Defender, Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Joe S. Garwood, Asst. Atty. Gen., for appellee.
DAVIS, Judge.
Michael Kevin Harris appeals his conviction of one count of possession of cocaine with intent to sell, one count of possession of marijuana with intent to sell, one count of possession of drug paraphernalia, and one *207 count of resisting arrest without violence. We reverse.
The day of his arrest, Michael Kevin Harris called up his brother Dion Harris and asked him for a ride home to their mother's house where they both lived. Dion Harris borrowed his girlfriend's car and came to get Michael Kevin Harris. Shortly thereafter, Officer Mallett was driving on routine patrol in a marked car behind the Harris brothers. He could not see who was in the car. Dion Harris veered off sharply down a side street. Officer Mallett decided to follow. This developed into a high speed chase in which Dion Harris drove at excessive rates of speed through a residential neighborhood and failed to stop at several stop signs. Officer Mallett lost sight of the car and radioed for help. The police received an anonymous phone call informing them that a green Oldsmobile had been abandoned by two black males; the informant had heard the sirens and thought that car might be the one being sought. Not long after that, Officer Franks saw Dion and Michael Harris walking together not far from the location at which the car had been abandoned. Dion Harris was carrying a gray bag in which one stores cassettes. Officer Franks thought the brothers looked suspicious because they were sweaty and appeared nervous. He approached them, and they ran off in two different directions. Dion Harris was apprehended first. An officer saw Dion Harris throw down the grey bag, which was later discovered to hold packages of illegal drugs. Dion Harris was arrested and searched and was found to be in possession of additional illegal drugs and a large amount of money folded lengthwise in $100 increments. He also had the keys to the car. As Dion Harris was sitting in the back of the police cruiser, Officer Mallett was about to go and search the car. A crowd of 20 or 25 people had formed. Michael Harris was seen walking by and not looking at the police. Officer Mallett found that suspicious. The officer looked at Dion Harris, and saw him watching Michael Kevin Harris. Officer Miller stopped Michael Kevin Harris, and Officer Franks went over and identified Michael Kevin Harris as the second person who had fled him on foot. Officer Mallett then searched Michael incident to his arrest, and discovered over $1000, folded lengthwise in $100 increments. After Michael Kevin Harris was arrested, the car was searched. The police found one small flake of crack cocaine in the cup holder between the seats in the front of the car, one marijuana roach in the ashtray, and a packet of rolling papers on the front seat.
Michael Kevin Harris has raised five issues on appeal. He asserts that the trial court erred in denying his motion to suppress the fruits of an illegal arrest; in denying his motion for acquittal on the charges of possession of drugs and drug paraphernalia based upon the lack of evidence of constructive possession; in permitting a police officer to offer an expert opinion that possession of large amounts of money folded in a particular manner was indicative of drug dealing; in allowing the State to offer as rebuttal evidence a statement made by the defendant after he was taken into custody but before he was given Miranda warnings. Finally, he argues that the trial court committed fundamental error by sentencing him based upon the jury verdict of resisting an officer without violence.
We hold that the trial court erred in denying the defense motion for judgment of acquittal of possession of cocaine with intent to sell, possession of marijuana with intent to sell, and possession of paraphernalia. The motion for acquittal was adequate to preserve the issue for appeal. See Jaggers v. State, 536 So.2d 321 (Fla. 2d DCA 1988) (motion based upon State's failure to "prove a prima facie case" held adequate). See also In re: T.M.M., 560 So.2d 805, 807 (Fla. 4th DCA 1990); Wiggins v. State, 101 So.2d 833 (Fla. 1st DCA 1958).
"To establish defendant's constructive possession, the State was required to prove three essential elements: (1) his dominion and control over the contraband; (2) his knowledge that the contraband was within his presence; and (3) his knowledge of the illicit nature of the contraband." Poitier v. State, 525 So.2d 472, 473 (Fla. 5th DCA 1988). The State failed to prove either actual or constructive possession by Michael Kevin Harris of the drugs found in Dion Harris' *208 cassette bag. The only evidence that the bag was even in the passenger compartment of the car, arguably within the physical reach of Michael Kevin Harris, was the testimony of Dion Harris which came after the denial of the motion for acquittal, during the defense. There is even less evidence of dominion and control here than there was in Agee v. State, 522 So.2d 1044 (Fla. 2d DCA 1988). In Agee the defendant was found alone under a tree a foot away from the drugs, and that was held to be inadequate. In the instant case the police never saw Michael Kevin Harris in such close proximity to the bag of drugs, except when it was in the sole possession of Dion Harris as the brothers were walking together.
Nor was there adequate evidence of actual or constructive possession of the small amounts of illegal drugs and paraphernalia found in the car. As in Poitier v. State, 525 So.2d at 473, the defendant's fingerprints were not found on any contraband. The drugs were found in a car which did not belong to the defendant, in which he was a passenger. "His ability to control the contraband cannot be inferred because the contraband was found in the joint, rather than the exclusive, possession of the defendant." Id. The "mere fact" that a small amount of illegal drugs was found on the console of the car was an insufficient basis for an inference of constructive possession. Id. Cf. Johnson v. State, 569 So.2d 872 (Fla. 2d DCA 1990), review denied mem., 581 So.2d 167 (Fla. 1991) (the presence of cocaine between the seats of his own car within the defendant's exclusive ready reach was sufficient to establish knowledge of the cocaine's presence and actual or constructive possession of it). Thus it appears that the defendant's motion for judgment of acquittal should have been granted and his convictions for one count of possession of cocaine with intent to sell, one count of possession of marijuana with intent to sell, and one count of possession of drug paraphernalia must be reversed.
Michael Kevin Harris admits that the defense failed to move for acquittal on the charge of resisting an officer without violence, but asserts that his conviction of this crime was a fundamental error which should be reversed even in the absence of a timely motion for acquittal. Conviction of a crime which did not take place is a fundamental error, which the appellate court should correct even when no timely objection or motion for acquittal was made below. See, e.g. Burrell v. State, 601 So.2d 628, 629 (Fla. 2d DCA 1992). Under F.E.C. v. State, 559 So.2d 413 (Fla. 2d DCA 1990) and Nelson v. State, 543 So.2d 1308, 1309 (Fla. 2d DCA 1989) the crime of resisting an officer without violence did not take place if either Sergeant Franks lacked an articulable well founded suspicion of criminal activity to justify the attempt to detain Michael Harris or if Michael had no reason to believe that he was being detained.
Sergeant Franks did not testify that he thought the Harris brothers might be the ones who abandoned the green Oldsmobile, or that he thought they had committed any other crime. He said he approached them because they were sweaty and appeared nervous and made him suspicious. The appearance of suspicious behavior, even in a high crime area, even coupled with flight, does not create an articulable well-founded suspicion of criminal activity. See Daniels v. State, 543 So.2d 363 (Fla. 1st DCA 1989). "[T]he officer must articulate in particular and objective terms his reasonable suspicion of criminal activity." Id. at 365. In the absence of such testimony it is highly questionable whether the first prong of the F.E.C. test has been satisfied. See also Breedlove v. State, 605 So.2d 589 (Fla. 4th DCA 1992) (reversing conviction for resisting an officer without violence because the officer lacked an articulable suspicion of illegal activity when he attempted to stop appellant based solely upon a furtive or suspicious movement made when appellant saw the police).
Even less well-established was the second prong of the test. Sergeant Franks testified that he could not remember what he had been starting to say to Michael Harris when Michael and Dion Harris fled. He did answer "no" to the question whether he had ever told them to stop, adding that he just ran after them when they took off. Unlike Perry v. State, 593 So.2d 1165 (Fla. 1st DCA 1992), Michael Harris had no reason to believe *209 he had done something illegal for which the police would be arresting him. The State argues that Michael should still have known the police wanted to question the passenger. Yet even guilty knowledge was not enough to sustain the conviction for resisting in Nelson v. State, 543 So.2d 1308, 1309 (Fla. 2d DCA 1989). Even though Nelson knew that he was guilty of stealing lunch meat from a convenience store (for which he was convicted and which was not appealed), the court held that there was nothing for him to resist when Nelson fled a police officer who was approaching but had not ordered him to stop. Nelson's conviction for resisting an officer without violence was reversed as a fundamental error, even though the defense had failed to move for acquittal on that basis. Accordingly, Michael Kevin Harris' "conduct did not constitute the crime of resisting an officer." Id.
We need not reach the remaining issues on appeal in view of the conclusion that Michael Kevin Harris' judgment and sentence for one count of possession of cocaine with intent to sell, one count of possession of marijuana with intent to sell, one count of possession of drug paraphernalia, and one count of resisting arrest without violence must be reversed.
REVERSED.
SMITH and JOANOS, JJ., concur.