657 So.2d 1246 (1995)
S.G.K., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3126.
District Court of Appeal of Florida, First District.
July 11, 1995.
Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
*1247 Robert A. Butterworth, Atty. Gen., Giselle Lylen Rivera, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
S.G.K. appeals from an order finding him in violation of section 843.02, Florida Statutes (1993), and withholding adjudication of delinquency. He argues the trial court erred in denying his motion for judgment of acquittal on the charge of resisting arrest without violence. We agree and reverse.
At the adjudicatory hearing, the State presented the testimony of a Florida Highway Patrol Trooper, who testified he was called to the scene to investigate a traffic accident. As he approached, he saw several juveniles around two vehicles. Appellant was one of three juveniles who ran upon seeing the police car. The officer found appellant in a wooded area a block or two away, handcuffed him, and placed him in his car. When asked what appellant specifically did to "resist" him, the trooper replied: "he fled the scene on foot and I had to apprehend him and bring him back." He testified appellant's flight impeded his investigation of the accident. On cross-examination, the trooper admitted he did not say anything to the juveniles before they fled or while they were running. The trooper characterized the accident as a minor one, with no personal injuries, and one slightly damaged car in the ditch. Another vehicle, a truck, was not involved in the accident, but was merely following the first vehicle.
At the close of the State's case, appellant moved for judgment of acquittal, arguing the trooper did not suspect any criminal activity, it was not illegal for appellant to leave the scene because he was only a witness to the accident, and appellant was not told to stop. The trial judge denied the motion.
Appellant testified he was a passenger in the truck when the car went into the ditch. He testified he ran when he saw the police car because he was afraid he was going to get caught for skipping school. When the trooper found him, he complied with the trooper's instructions. He testified the trooper never asked him any questions about the accident.
The trial court found the act of a witness running from an accident without serious bodily injuries, in order to avoid being identified as a truant, constitutes resisting arrest without violence, and adjudicated appellant delinquent of the offense. A disposition hearing was held, at which adjudication was withheld pending appellant's successful completion of the Juvenile Alternative Services Program (JASP).
On appeal, appellant argues his flight cannot constitute opposing an officer because he was not under arrest or in custody, had done nothing illegal, and the trooper did not command him to stop. The State contends the evidence presented at trial established the trooper was engaged in the lawful exercise of a legal duty (i.e., investigating an accident pursuant to section 316.066(3)(a), Florida Statutes (1993)), and appellant, knowing the officer wanted to detain him for questioning, fled to impede that duty.
To support a conviction under section 843.02, the state must show: (1) the officer was engaged in the lawful execution of a legal duty; and (2) the action by the defendant constituted obstruction or resistance of that lawful duty. Perry v. State, 593 So.2d 1165, 1166 (Fla. 1st DCA 1992). "[T]he crime of resisting an officer without violence did not take place if either [the officer] lacked an articulable well founded suspicion of criminal activity to justify the attempt to detain [the defendant] or if [the defendant] had no reason to believe that he was being detained." Harris v. State, 647 So.2d 206, 208 (Fla. 1st DCA 1994) (emphasis in original). Reviewing the transcript in this case under this two-part test, we find the State failed to produce sufficient evidence that the crime of resisting an officer occurred.
First, the trooper lacked an articulable well-founded suspicion of criminal activity to justify his attempt to detain the defendant. "[T]he officer must articulate in particular and objective terms his reasonable suspicion of criminal activity." Harris v. State, 647 So.2d at 208 (quoting Daniels v. State, 543 So.2d 363, 365 (Fla. 1st DCA 1989)). Under sections 316.066(3)(a) and *1248 316.061, Florida Statutes (1993), the trooper is obligated to file an accident report for all accidents which result in damage to a vehicle. Nevertheless, neither statute requires witnesses to the accident to stay at the scene or report to investigating officers. §§ 316.061, 316.062, 316.066(3)(a), Fla. Stat. (1993). Even the trooper admitted he did not think it a "crime to be a witness to an accident and not come forward."
Here, the trooper did not testify that he thought appellant was the driver of the vehicle involved in the accident nor did he testify he was investigating a crime or trying to preserve the peace. § 843.06, Fla. Stat. (1993). Instead, he testified he chased and arrested appellant solely because he ran away and he needed to complete an accident report. Flight, standing alone, does not constitute obstructing an officer nor does it give rise to a well-founded suspicion of criminal activity. F.E.C. v. State, 559 So.2d 413, 414 (Fla. 2d DCA 1990) (citing Nelson v. State, 543 So.2d 1308 (Fla. 2d DCA 1989)). Moreover, a defendant's mere presence at the scene of a crime and flight therefrom is insufficient evidence to support an adjudication of delinquency. F.B. v. State, 605 So.2d 578 (Fla. 3d DCA 1992). The instant facts present an even more compelling case as appellant merely fled from the scene of a minor traffic accident. As the trooper failed to articulate a reasonable suspicion of criminal activity for detaining appellant, appellant's flight from the accident scene cannot constitute resisting an officer.
Even if the officer had articulated a well-founded suspicion, the State failed to show appellant had any reason to believe he was being detained. Like the officer in Harris v. State, the trooper admitted he never ordered appellant to stop. Appellant had no reason to believe he had done something illegal for which he would be arrested. He was merely afraid he would get into trouble for skipping school. Cf. F.E.C. v. State, 559 So.2d 413 (no obstruction found where defendant knowingly fled to avoid confrontation with officer to avoid getting in trouble with parents for being out late). Although the State contends appellant knew or should have known the trooper wanted to question him about the accident, such knowledge is not, by itself, sufficient to sustain a conviction for resisting without violence. Harris v. State, 647 So.2d at 209.
Accordingly, we REVERSE.
BOOTH, JOANOS and LAWRENCE, JJ., concur.