667 So.2d 384 (1995)
Jimmy ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3596.
District Court of Appeal of Florida, First District.
December 4, 1995.
*385 Nancy A. Daniels, Public Defender; Chet Kaufman, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Stephen R. White, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Pursuant to a plea agreement with reservation of his right to appeal, appellant, who pleaded no contest to the charges of possession of cocaine and resisting arrest without violence, claims error in the trial court's denial of his motion to suppress evidence and the imposition of costs and a public defender's lien. We affirm in part and reverse in part.
On March 27, 1994, at about 10 p.m., a Tallahassee police officer on routine patrol spotted a car across the intersection from him with its high beam headlights on. When the light changed, the car proceeded across the intersection, and Officer Abbey turned around behind it and signalled the car to stop. Officer Abbey informed the driver he had been stopped for the high beam violation, a civil infraction under section 316.238(1), Florida Statutes, and asked the driver for his license. The two then walked back to the police cruiser. The driver was unable to produce a license, appeared nervous, was shaking, began looking about, and began to sweat. The driver told the officer he did not know the name of his passenger (appellant) and had only known him a couple of hours. Leaving the driver, the officer then approached the car and spoke to appellant, who told the officer his name and said that he had known the driver "for a while." The officer returned to the driver to ascertain the driver's identity. During this further interview with the driver, the officer observed appellant's head, shoulders, and arms move up and down, like he was rocking from side-to-side and back and forth. Officer Abbey did not find this movement unusual, but in combination with the inconsistency in regard to how long the driver and appellant had known each other and the driver's nervousness, he testified that he believed appellant had either just been involved in criminal activity, was about to be, or was at that time involved in some sort of criminal activity, possibly involving narcotics. At this point the officer decided that appellant was no longer free to leave, but did nothing to communicate this to appellant. The officer called for backup and for a K-9 unit.
Within 30 to 45 seconds after two additional officers arrived, appellant opened the car door and ran away, and the two arriving officers immediately gave chase. Meanwhile, Officer Abbey arrested the driver for not having a license and searched the car. Underneath the passenger seat, he discovered an unloaded firearm with ammunition. He then notified the other officers by radio that he had found a gun and to be careful. Another officer who heard the BOLO describing *386 appellant and that "a firearm was involved" apprehended appellant, arrested him, and searched him. In the search the officer found three rocks of crack cocaine in a matchbox and $454.00 in cash.
Although the officers' complaint forms listed charges of possession of crack cocaine, resisting arrest without violence, and carrying a concealed weapon, the latter was not charged in the information. Appellant pled no contest to the first two charges, was adjudicated guilty, and was sentenced to four months in county jail on each count to be served concurrently.
Without further discussion, we agree with the trial court's finding that the stop was not pretextual under the analysis provided by the supreme court in State v. Daniel, 665 So.2d 1040 (Fla. 1995) (citing United States v. Bates, 840 F.2d 858, 860 (11th Cir.1988), for the principle that an officer charged with enforcing traffic law is entitled to a presumption that the "officer would obey this mandate.") We also affirm appellant's conviction for possession of cocaine because at the time appellant was arrested and searched, there was probable cause to arrest him for carrying a concealed weapon, and the cocaine was discovered incident to that arrest. See State v. Gustafson, 258 So.2d 1 (Fla. 1972) (holding that evidence of violation of law may be seized incident to lawful arrest and used against defendant even if evidence is not of the crime for which defendant was arrested), aff'd, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973).
We reverse, however, appellant's conviction for resisting arrest without violence. In Harris v. State, 647 So.2d 206, 208 (Fla. 1st DCA 1994), this court stated inter alia that the crime of resisting arrest without violence did not take place if the defendant had no reason to believe that he was being detained. In the instant case, as in Harris, appellant had no reason to believe he was being detained. Appellant was never told he was not free to leave, and as he fled, no one commanded him to stop. Even guilty knowledge is not enough to sustain a conviction for resisting arrest. Id. at 209. Conviction of a crime which did not occur is fundamental error; thus, the conviction for resisting arrest without violence is reversed. Id. at 208.
We find no merit in appellant's claim that he did not have a meaningful opportunity to object to the imposition of costs at sentencing and affirm the imposition of all costs imposed, except the public defender's lien which is discussed below. Because of a clerical error, however, we remand the costs order for correction. Appellant had notice of and section 27.3455, Florida Statutes, makes mandatory the imposition of a $200 cost. The trial court inadvertently left the line for imposing this fee blank and listed this statutory cost as an "other" cost without reference to statutory authority. A trial judge does not have authority to dispense with statutorily mandated costs and has no authority to impose costs without statutory authorization. See Lindsey v. Dykes, 129 Fla. 65, 67, 175 So. 792, 793 (1937). In addition, we strike the imposition of the public defender's lien. Although this lien and its amount were orally pronounced at sentencing, appellant received no prior notice of the lien, and there is no written evidence of the lien in the costs order or any other part of the record. The failure to provide notice before the assessment of an attorney-fee lien of the right to a hearing to contest the amount of the lien is contrary to the requirements of section 27.56(7), Florida Statutes. In re L.A.D. v. State, 616 So.2d 106 (Fla. 1st DCA 1993), review denied, 624 So.2d 268 (Fla. 1993). Appellant was not informed at sentencing of his right to contest the amount of lien, and this was error. Buiey v. State, 583 So.2d 384 (Fla. 1st DCA 1991); see Fla. R.Crim.P. 3.720(d)(1) ("Notice of the accused's right to a hearing to contest the amount of the lien shall be given at the time of sentence.") The lien is stricken without prejudice to its reimposition upon compliance with section 27.56(7), Florida Statutes, and Fla.R.Crim.P. 3.720(d).
The cause is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
BOOTH, MINER and WEBSTER, JJ., concur.