BARFIELD, Chief Judge.
The appellant’s conviction for resisting an officer without violence must be REVERSED because the state presented no evidence indicating the appellant was aware that the officer intended to detain him. See Robinson v. State, 667 So.2d 384 (Fla. 1st DCA 1995); S.G.K. v. State, 657 So.2d 1246 (Fla. 1st DCA 1995); Harris v. State, 647 So.2d 206 (Fla. 1st DCA 1994); Nelson v. State, 543 So.2d 1308 (Fla. 2d DCA 1989). His conviction for burglary of a dwelling must also be REVERSED, because a necessary element of that offense as charged in this case was the intent to resist an officer without violence. The ease is REMANDED to the trial court for entry of judgment and sentence for trespass, a lesser included offense indicated in the definition of burglary, regarding which the jury was properly instructed.
KAHN and BENTON, JJ., concur.