876 So.2d 675 (2004)
Jorge Luis DOMINGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-1419.
District Court of Appeal of Florida, Third District.
June 23, 2004.
*676 Bennett H. Brummer, Public Defender and Roy A. Heimlich, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General and Marni A. Bryson, Assistant Attorney General, for appellee.
EN BANC
GREEN, J.
Jorge Luis Dominguez appeals the denial of his motion for post-conviction relief challenging the legality of his conviction and sentence for armed robbery with a weapon, pursuant to section 812.13, Florida Statutes (1995), where the state relied solely upon the automobile that he was driving at the time of the offense to satisfy the statute's weapon requirement. Because, on direct appeal, we affirmed Dominguez's convictions in toto, see Dominguez v. State, 800 So.2d 242 (Fla. 3d DCA 2001) ("Dominguez I"), we sua sponte granted hearing en banc of this matter. To the extent that Dominguez I affirmed the armed robbery conviction, we now recede from that case and issue this decision in its stead.
The state charged Dominguez by information with one count of armed robbery with a weapon, namely, an automobile, pursuant to section 812.13, Florida Statutes (1995),[1] and two counts of aggravated battery on a person sixty-five years of age or older with a deadly weapon pursuant to section 784.045, Florida Statutes (1995).[2] The case proceeded to a jury trial. The state adduced evidence which showed that Dominguez bumped the victim with his automobile as she was walking in a parking lot. Dominguez then reached out of *677 the automobile, grabbed the victim's purse and pulled it away from her as he drove off. The victim fell and was injured.
At the close of the state's case in chief, the defense moved for judgment of acquittal, arguing, among other things, that, as a matter of law, the state had failed to prove that Dominguez possessed or carried a weapon during the commission of the robbery. The trial court denied the motion, and Dominguez was convicted of armed robbery and one count of aggravated battery.[3]
Dominguez was sentenced, as a violent career criminal, to life for armed robbery as a first-degree felony, and thirty years for aggravated battery. On direct appeal Dominguez challenged, among other things, his conviction for armed robbery, arguing that an automobile was not a weapon that could be carried for purposes of the armed robbery statute. We per curiam affirmed his convictions with a citation to Jenkins v. State, 747 So.2d 997, 998 (Fla. 5th DCA 1999), rev. dismissed, 781 So.2d 1083 (Fla.2001).[4]See Dominguez I at 242. After our affirmance, Dominguez petitioned the Florida Supreme Court for review, which was denied. See Dominguez v. State, 821 So.2d 294 (Fla.2002).
Dominguez then moved for relief under Florida Rule of Criminal Procedure 3.850. He argued that his sentence was illegally enhanced for carrying a weapon (i.e., an automobile) during the commission of a robbery, because it is impossible to carry an automobile, as required by section 812.13(2)(b). He also claimed that his conviction for armed robbery was a violation of due process because there was no evidence that he "carried" a weapon within the meaning of the armed robbery statute. The trial court denied Dominguez's 3.850 motion.
Dominguez timely instituted this appeal from the denial of his 3.850 motion, which we treat as an appeal from the denial of a 3.800 motion.[5]See Hall v. State, 643 So.2d 635, 636 (Fla. 1st DCA 1994) ("[C]ourts have the authority to treat prisoner petitions as if the proper remedy *678 were sought if it would be in the interest of justice to do so.").
The armed robbery statute provides in pertinent part that:
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree....
(b) If in the course of committing the robbery the offender carried a weapon, then the robbery is a felony of the first degree....
§ 812.13, Fla. Stat. (1995) (emphasis added). Following oral argument in this case, the Florida Supreme Court decided State v. Burris, 29 Fla. L. Weekly S149 (Fla. April 8, 2004), which held that an automobile cannot be "carried" as a deadly weapon during a robbery so as to allow an enhanced conviction. Specifically, the court found that a person cannot "carry" a car as a weapon because "[i]n common parlance, automobiles carry people  people do not carry automobiles." Id. (quoting Burris v.State, 825 So.2d 1034, 1037 (Fla. 5th DCA 2002)). Because Dominguez has been convicted of "armed robbery" where no armed robbery occurred, his sentence is illegal as a matter of law and cannot stand. See Carter, 786 So.2d 1173, 1181 (Fla.2001) ("[A] sentence is `illegal' if it `imposes a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances[.]'"). Dominguez's conviction for that crime must therefore be vacated and a conviction for strong-arm robbery imposed in its place. See Fiore v. White, 531 U.S. 225, 228-29, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001) (holding that due process forbids a state to convict a person of a crime without proving all elements beyond a reasonable doubt); Nelson v. State, 543 So.2d 1308, 1309 (Fla. 2d DCA 1989) (holding that a person may not be convicted of a crime that never occurred); Williams v. State, 516 So.2d 975, 978 (Fla. 5th DCA 1987) (same).
The maximum penalty allowed for strong-arm robbery by a violent career criminal is forty years imprisonment.[6] Dominguez's life sentence is therefore illegal under Rule 3.800, and we reverse and remand with instructions that he be re-sentenced consistent with this opinion.
Armed robbery conviction vacated, sentence reversed, and case remanded with instructions.
NOTES
[1] The statute provides, in pertinent part:

(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree....
(b) If in the course of committing the robbery the offender carried a weapon, then the robbery is a felony of the first degree....
(c) If in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree....
§ 812.13, Fla. Stat. (1995) (emphasis added).
[2] The statute provides, in pertinent part:

(1)(a) A person commits aggravated battery who, in committing battery... 2. Uses a deadly weapon.
§ 784.045, Fla. Stat. (1995).
[3] Dominguez was acquitted on the second count of aggravated battery.
[4] In Jenkins, a case factually similar to this one, the defendant, while seated in the passenger seat of an automobile driven by a co-defendant, snatched the victim's purse as the victim was walking in a parking lot. The car then sped off but was later caught. The defendant was charged with being a principal to armed robbery with "a weapon, to wit: an automobile," and a principal to aggravated battery. Jenkins, 747 So.2d at 997-98. At the conclusion of the state's case in chief and at the close of the defense's case, the defense moved for judgment of acquittal on the grounds that, as a matter of law, the car was not used as a weapon. Id. at 998. The court denied both motions, and the defendant was convicted on both counts. Id.

On appeal, Jenkins asserted that the central issue was "whether, in the specific circumstances of this case, the car was to be classed as a weapon so as to enhance a strong-arm robbery to an armed robbery." Id. The Jenkins majority affirmed the convictions based upon its conclusion that the evidence was sufficient for a jury to find that the automobile was used as a weapon. Id. The majority, however, specifically declined to address the issue of whether a car could be "`carried' as a weapon within the meaning of Section 812.13(2)(b)" based upon its conclusion that this issue had not been raised on appeal. Id. at 999.
[5] Rule 3.800 states: "A court may at any time correct an illegal sentence imposed by it." Fla. R.Crim. P. 3.800(a). A 3.800 motion may be used in certain cases to challenge sentencing errors that can be resolved, without an evidentiary determination, as a matter of law. See Carter v. State, 786 So.2d 1173, 1177 (Fla.2001). Because Dominguez claims that his conviction and sentence were incorrect as a matter of law, this court can resolve the matter based solely on the record.
[6] "The court ... shall sentence the violent career criminal as follows.... In the case of a felony of the second degree, for a term of years not exceeding 40, with a mandatory minimum term of 30 years' imprisonment." § 775.084(4)(c)2., Fla. Stat. (1995).