PER CURIAM.
Appellant, Richard Jones, was convicted of resisting an officer without violence and possession of cocaine with intent to sell or deliver. Jones appeals only his conviction for resisting without violence, arguing that the trial court erred in denying his motion for judgment of acquittal because the State failed to establish a prima facie case that he committed the crime of resisting an officer without violence. We agree that the State failed to present competent substantial evidence at trial that Jones resisted an officer without violence and reverse his conviction and sentence as to this count only.
At trial, the State presented the following evidence. The arresting officer testified that during the afternoon of September 20, 2005, he encountered the defendant, Richard Jones, on the same property where six days earlier he issued Jones a trespass warning. The officer testified that he approached Jones from behind so Jones could not observe his presence. When the officer was about ten to twelve feet away from Jones, he observed a black female approach Jones and give him money, and Jones in return gave her some rock cocaine. The officer initially testified that after the exchange, both the woman and Jones noticed his presence, and Jones turned around, saw the officer, and “went to leave.” The State then questioned the officer further regarding Jones’s actions:
State: As soon as he saw you what did he do?
Witness: His back was to me, so as soon as he turn [sic] and face [sic] me he turned away to, to conceal the item, but it appeared like he was either gonna run or drop or throw the item.
State: Okay, so what did, do you ... Witness: I give him a warning ...
State: What was the warning, what do you say?
Witness: Stop, police.
State: Okay, and what did he do then?
Witness: ... he didn’t do anything, ya’ know from that point he didn’t obey what I was telling him, ya’ know I had a legal purpose for an investigation, but he ignored that um ...
*1210 State: Alright, did he ever take off?
Witness: He didn’t get a chance.
State: Okay, so ...
Witness: Okay, he attempted.
State: Okay, so just to clarify, you, he, as soon as he saw you he turned around?
Witness: Yes.
State: And you’re, you have the opinion that based on your training and experience that he was trying to essentially conceal the item, is that ...
Witness: From what I ...
State: Is that accurate?
Witness: Yes sir ...
State: Okay, and you say stop police and what does he do?
Witness: He turns, faces me, then turns away from me like he was going to leave, run the scene or drop the cocaine.
State: Did he appear to you like he was about to run?
Witness: Yes.
State: Okay, what did you do?
Witness: Okay, I deployed a taser, taser strike him ...
The officer testified that he deployed the taser because he thought Jones was about to take off running, and that after Jones fell to the ground from the effects of the taser, he recovered the rock of cocaine from underneath him, secured him, and placed him under arrest.
On cross-examination, the officer further testified that when the woman noticed his presence, Jones “turns around and does this and then turns back around real quick, okay. He went to go, because of the gate it’s open, he went to exit, when he did he got a taser deployment, he fell ...” The defense further questioned the officer, asking:
Defense counsel: ... I won’t make you do sort of a blow up, but you said before he, he didn’t really, that you, you observed what you saw, what you thought to be him starting to leave, but he didn’t really get anywhere?
Witness: Didn’t have time to, sir.
Defense counsel: Okay, so in fact, I believe you testified that he didn’t actually run?
Witness: He was going to, it appeared that he was going to and I got to that point ...
Defense counsel: Right, but he, but he hadn’t gone anywhere?
Witness: I got to that point before he made that other step.
After the State rested its case, the defense moved for judgment of acquittal, arguing that the State failed to prove a prima facie case for resisting an officer without violence. The court denied the defense’s motion, finding that there was “marginal evidence” of resisting an officer without violence sufficient for this count to go to the jury. Following the trial court’s denial of the motion for judgment of acquittal, the defense rested.
On appeal, Jones argues that the trial court erred in denying his motion for judgment of acquittal, because the State failed to present competent substantial evidence that he committed any act that constituted obstruction or resistance. The State disagrees and argues that there was competent substantial evidence presented at trial from which the jury could find that Jones resisted the officer.
In reviewing a motion for judgment of acquittal, a de novo standard of review applies. Generally, an appellate court will not reverse a conviction that is supported by competent substantial evidence. If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evi *1211 dence exists to sustain a conviction. In moving for a judgment of acquittal, a defendant admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. Courts should not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law.
Fitzpatrick v. State, 900 So.2d 495, 507 (Fla.2005).
Jones is charged with violating section 843.02, Florida Statutes (2005), which provides:
Whoever shall resist, obstruct, or oppose any officer ... or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree ...
§ 843.02, Fla. Stat. (2005).
To support a conviction under section 843.02 for resisting an officer without violence, the State must show: (1) the officer was engaged in the lawful execution of a legal duty and (2) the action by the defendant constituted obstruction or resistance of that lawful duty. Mosley v. State, 739 So.2d 672, 675 (Fla. 4th DCA 1999). In this case, only the second element is in dispute.
We agree with Jones that the State failed to present competent substantial evidence that Jones took any action that constituted “obstruction or resistance” of a lawful duty. At trial, the officer’s testimony was that Jones, after being ordered to stop, turned, faced the officer, and then turned away from the officer “like he was going to leave, run the scene or drop the cocaine.” The officer also testified that it “appeared” to him that Jones was about to run or drop the cocaine. However, the officer’s testimony that Jones “turned away” from him is vague at best. This description provides us with no clear picture as to what Jones’s exact movements were, i.e., whether Jones turned his head or whether he turned his whole body and back to the officer. Thus, we are left to speculate about the manner in which Jones “turned away” from the officer and the exact movements he made. Although the officer did perform a demonstration in court, the record is silent as to what the officer actually demonstrated to the jury. We cannot rely on what may have been demonstrated by the officer that could have supported the trial court’s ruling that the State presented competent substantial evidence sufficient to submit the issue to the jury.
Furthermore, although the officer testified that it “appeared” to him that Jones was about to take off running or drop or throw the cocaine, the officer admitted that Jones never actually went anywhere. For example, on direct examination, he was asked “did he ever take off?” and the officer responded “he didn’t get a chance.” Although the officer testified that Jones “attempted” to run, “went to exit,” and “went to leave,” when asked on cross-examination if Jones got anywhere, the officer testified that Jones “didn’t have time to” and that the officer “got to that point before he (Jones) made that other step.” Thus, there was evidence that Jones did not take a single step away from the officer.
The cases cited by the State are also distinguishable and do not provide any support for the State’s argument that a defendant who turns away from a police officer and only appears to be about to run *1212 obstructs or resists a police officer. For example, the State relies on Perry v. State, 593 So.2d 1165 (Fla. 1st DCA 1992), in which the defendant, who was caught in a drug exchange, looked directly at the officer who yelled “Police!” and in response, ran, jumped over a fence, and was arrested several minutes later. The court held that “flight, coupled with the apparent knowledge of the defendant that he was the target of the lawful arrest by the police, constituted an obstruction of the officer’s execution of a legal duty.” Id. at 1167. Here, the State presented evidence that Jones “attempted” to run but “didn’t get a chance.” The State, however, presented no evidence that Jones took a single step much less ran from the officer.
Furthermore, regarding the officer’s testimony that Jones turned away to conceal the cocaine and “appeared” like he was going to drop or throw the cocaine, we conclude that this testimony is also not competent substantial evidence that Jones resisted or obstructed the officer. There was no evidence of what physical moves Jones made to support the officer’s conclusion that Jones “appeared” like he was going to drop or throw the cocaine. Moreover, this testimony merely shows that Jones “appeared” like he was about to drop or throw the cocaine, but it does not show that Jones attempted to conceal the cocaine or took any action to resist or obstruct the officer.
Because the State failed to show that Jones made any affirmative actions that constituted “obstruction or resistance” of a lawful duty, Mosley v. State, 739 So.2d at 675, the State failed to present a prima facie case that Jones committed the crime of resisting an officer without violence. Consequently, we conclude that the trial court erred in denying the defense’s motion for judgment of acquittal. Thus, Jones’s conviction and sentence for resisting an officer without violence are reversed.

Reversed and Remanded.

GUNTHER, STONE and FARMER, JJ., concur.