PER CURIAM.
 

 Richard Jones (Defendant) appeals an order summarily denying his rule 3.850 motion for postconviction relief. We reverse the summary denial of ground two of the motion, and otherwise affirm.
 

 Following a jury trial, Defendant was found guilty of possession with intent to sell or deliver cocaine,
 
 [1]
 
 and was sentenced to ten years. In ground two of his timely pro se rule 3.850 motion for postconviction relief, he claimed his defense counsel was ineffective in misadvising him that his only option was to go to trial, never disclosing to him that the state had made any plea offers. He did not learn of any offer until sentencing. Had he been informed that the state had made an offer, he would have taken the plea rather than proceeding to trial.
 

 
 *194
 
 Defendant attached excerpts from the transcript to support this ground for relief. When he was asked during the sentencing hearing if he had anything to say, Defendant told the judge that he had done all he could to resolve the case, but the state never offered him a plea and none of his three assistant public defenders ever informed him that he could have pleaded to the mercy of the court to avoid a trial. The judge assured him that his decision to proceed to trial would not affect the sentence that the judge would impose that day.
 

 The assistant state attorney asked Defendant’s assistant public defender whether he had anything to add in connection with not informing Defendant of his right to plead open. Counsel did not remember discussing it, but noted that, in general, he advised his clients it was preferable to preserve their appellate rights by going to trial rather than pleading open.
 

 The prosecuting attorney then noted that there was a plea offer conveyed in the case. The presiding judge thought it best to put the matter on the record and asked the state what the offer was, but the prosecuting attorney did not believe it was appropriate to put the terms on the record and the court never insisted he do so, other than asking whether it was for less than the maximum sentence, and he confirmed that it was.
 

 Defendant insisted he was never relayed an offer.
 

 At that point, defense counsel admitted that there was an offer, but it was no longer available after the defense announced it was ready for trial. Again, Defendant stated he had no knowledge of any plea being offered. The court asked counsel to explain.
 

 Defense counsel stated that when he received Defendant’s file, there was no offer in it, so he asked the prosecuting attorney whether he had conveyed one to Defendant’s prior counsel, and the prosecuting attorney forwarded that offer to defense counsel. Counsel continued as follows:
 

 Um, that offer was discussed, the possibility of setting the case for trial was discussed with Mister Jones, at that time he wished to set it for trial. When it was set for trial it, the offer was then revoked, at that time we had further discussions about a plea negotiation. I ... approached [the prosecuting attorney] a couple of times again, he said at that time there was no offer.
 

 Only on further questioning by the court did defense counsel confirm he specifically recalled receiving an offer from the prosecuting attorney and relaying it to Defendant.
 

 Following that, the trial court made a finding on the record that, as an officer of the court, defense counsel’s statement was more credible than Defendant’s testimony that he did not receive an offer, and concluded that the matter was resolved without any need for further evidentiary hearings.
 

 The trial court summarily denied the motion, finding this claim was refuted by the record and without merit, referring to the foregoing pages of the sentencing hearing transcript.
 

 A claimant states a sufficient ground for relief under rule 3.850 if the claimant demonstrates that he or she was unable to make an informed decision whether to enter into a plea bargain due to counsel’s neglect; that with the correct advice, he or she would have accepted the plea offer; and that acceptance of the plea would have resulted in a lesser sentence.
 
 Cottle v. State,
 
 733 So.2d 963 (Fla.1999).
 

 
 *195
 
 This claim lacks the last prong of
 
 Cottle,
 
 as Defendant did not state what terms the state offered him in order to allege that acceptance of the plea would have resulted in a lesser sentence than the one he received. But if he was telling the truth that no one relayed an offer to him, and all he knew about it is what was stated in the course of his sentencing hearing, then he would not know what terms the state had offered.
 

 The record reflects that Defendant was sworn before addressing the court at his sentencing hearing, but neither the prosecuting attorney nor defense counsel was sworn, as they would have been had they been called to testify at an evidentia-ry hearing. In effect, the sentencing court made a finding of fact without hearing any evidence to contradict Defendant’s sworn testimony. Under the circumstances, the claim was not conclusively refuted by the record.
 

 Accordingly, we reverse for further proceedings. On remand, we direct the trial court to appoint conflict counsel to represent Defendant for the purpose of discovering the terms of the plea offer, in order to assist Defendant in amending ground two of his motion to make it legally sufficient under
 
 Cottle,
 
 if he can do so in good faith once he learns the terms of the plea offer.
 

 We affirm without further discussion the summary denial of Defendant’s remaining grounds for relief.
 

 Affirmed in part, Reversed in part, and Remanded.
 

 TAYLOR, DAMOORGIAN and LEVINE, JJ., concur.
 

 [1]
 

 . He was also found guilty of resisting without violence, but that conviction was reversed on direct appeal.
 
 See Jones v. State,
 
 955 So.2d 1208 (Fla. 4th DCA 2007).