ORFINGER, Judge.
Appellant was found guilty by the trial court of possession of burglary tools.[1] He contends on appeal that possession of a bolt cutter for the admitted purpose of breaking into a newspaper vending machine which rests out in the open on a public sidewalk cannot violate the subject statute because the act would neither constitute a burglary nor a trespass under Chapter 810, Florida Statutes (1979). Appellant was unsuccessful in asserting this position in the trial court. We affirm.
We agree with appellant that the act of breaking into a vending machine which sits out in the open on a public sidewalk does not constitute “burglary” as defined by statute. Section 810.02, Florida Statutes (1979), defines burglary as:
*182 Entering or remaining in a structure or conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain, (emphasis added).
The vending machine here is neither a “structure” nor a “conveyance.” [2]
Appellant contends that since there was no proof of intent to commit a burglary, and no proof of intent to commit a trespass proscribed by the other portions of Chapter 810, no crime has been proved. The State contends that the phrase “any burglary or trespass” found in section 810.02 encompasses any trespass, not just those trespasses proscribed by chapter 810.
Looking at the plain language of the statute, there is nothing in it to indicate that the legislature intended to limit the meaning of the word “trespass” only to those trespasses proscribed in Chapter 810, because had it meant that it could have easily said just that, and would not have used the phrase “any .. . trespass.” Trespass has had a well defined common-law meaning, viz: an unlawful interference with one’s person, property or rights. Black’s Law Dictionary, 1347 (5th ed. 1979). As applied to personal property, trespass has been defined as the unlawful interference, however slight, with another’s enjoyment of his personal property. 32 Fla.Jur. Trespass, § 4 (1960). Therefore, we conclude that the obvious intent of the legislature was to include any trespass, statutory or common-law, within the ambit of section 810.06.
This conclusion is not reached without great difficulty, however, because this interpretation makes possession of the tool with which to commit a crime a felony under some circumstances where the actual commission of the crime is a misdemeanor. For example, even were we to follow appellant’s reasoning that only the trespasses in chapter 810 are covered by the burglary tool section, trespass over posted land (section 810.09), with certain exceptions, is a misdemeanor of the first degree. Section 810.12 makes the unauthorized entry into posted land with a machine, tool, motor vehicle or draft animal prima facie evidence of intent to trespass. If such trespass is committed with a jeep, does the jeep become a “burglary tool” as defined by section 810.06 because it is a machine used to commit a trespass? The same problem arises with respect to any of the statutory trespass statutes, whether included in chapter 810 or in other statutory provisions.[3] Because of the questions raised by this interpretation, and because we find it to be of great public importance, we certify to the Supreme Court, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), the following question:
Does section 810.06, Florida Statutes (1979), encompass: (a) only those trespasses included within said chapter 810; or (b) any statutory trespass; or (c) any statutory or common-law trespass, when it proscribes the possession of any tool, machine or implement with intent to use or permit such to be used to commit “any burglary or trespass.”
Judgment AFFIRMED. Question CERTIFIED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.

. § 810.06, Fla.Stat. (1979):
Whoever has in his possession any tool, machine or implement with intent to use the same, or allow the same to be used, to commit any burglary or trespass shall be guilty of a felony of the third degree.

. § 810.011. As used in this chapter:
(1) “Structure” means any building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereon.
(2) “Conveyance” means any motor vehicle, ship, vessel, railroad car, trailer, aircraft or sleeping car.

. Other examples making certain acts “trespass” can readily be found in the statutes. We point out that no challenge has been made to the constitutionality of section 810.06, and so that question is not considered.