OVERTON, Judge.
This is a petition to review the decision of the Fifth District Court of Appeal, reported as Desin v. State, 404 So.2d 181 (Fla. 5th DCA 1981), in which the district court certified the following question as one of great public importance:
Does section 810.06, Florida Statutes (1979), encompass: (a) only those trespasses included within said chapter 810; or (b) any statutory trespass; or (c) any statutory or common-law trespass, when it proscribes the possession of any tool, machine or implement with intent to use or permit such to be used to commit “any burglary or trespass.”
We have jurisdiction. Art. V, § 3(b)(4), Fla.Const. In answer to the question, we find that “trespass,” as used in section 810.-06, Florida Statutes (1979), includes only those types of unlawful interference with property which are designated by statute as crimes. Petitioner’s conviction is approved, but we cannot fully agree with the reasoning in the district court’s opinion.
The facts in the instant case are as follows. Petitioner and a codefendant were arrested when the police discovered them tampering with a newspaper vending machine. The codefendant had in his possession a coin-box which he had removed from the vending machine, and petitioner had in his possession a pair of bolt cutters which he admitted were used to sever the coin-box from the machine. Petitioner was charged with a second degree misdemeanor for molestation of a vending machine, section 877.-08(3), Florida Statutes (1979), and with a third degree felony for possession of tools with which to commit a burglary or trespass, section 810.06. The first charge was dismissed because the state failed to bring petitioner to trial within the time required by Florida Rule of Criminal Procedure 3.191(a)(1). Petitioner was found guilty of possessing burglary tools.
The district court affirmed the conviction, reasoning that, even though breaking into the vending machine would not constitute a burglary, petitioner had committed a common-law trespass which fell within the ambit of section 810.06. In reaching this result, the district court relied upon two findings. The court first determined that, in using the phrase “any ... trespass” in section 810.06, the legislature intended to include all trespass, both statutory and common-law. The court then accepted the common-law definition of “trespass” as the “unlawful interference with one’s person, property or rights.” 404 So.2d at 182.
At common law, a simple trespass upon land or personal property was not a crime; rather, it was a private wrong which was remedied by a civil action to recover damages. 3 W. Burdick, The Law of Crime § 720, at 71 (1946); see generally 3 W. Blackstone, Commentaries *209-14; W. Prosser, Handbook of the Law of Torts §§ 13-14, at 63-79 (4th ed. 1971). Although simple trespass was an element in certain common-law crimes, such as larceny,[1] the attachment of criminal penalties to the act of simple trespass is done exclusively by statute. Burdick, supra, § 720, at 72. In Florida, the legislature has enacted numerous statutes providing criminal penalties for the most significant acts of unlawful interference with another person’s property. Some of these statutes expressly designate as “trespass” the prohibited act,[2] while others prohibit unlawful interference with property without attaching the “tres *518 pass” label.[3] Any act of “trespass” not made criminal by statute constitutes a private wrong under the common law which may, be remedied only by an action for damages.
Petitioner contends that the burglary tool statute applies only to those trespasses enumerated in chapter 810.[4] We reject this argument. The construction of section 810.06 urged by petitioner is too narrow because it imputes to the legislature the intent to ignore the numerous criminal statutes outside of chapter 810 which punish both “trespass” and the unlawful interference with property. We conclude that the legislature intended the language “any ... trespass,” as used in section 810.06, to encompass any act of unlawful interference with property which is defined by statute as a criminal offense, regardless of whether or not the interference is designated a “trespass.” We do not believe, however, that the legislature intended to impose criminal sanctions for the possession of tools with which to commit a “common-law trespass,” especially since that act, if completed, would be redressable only by a civil action for damages.
We find that tampering with a coin-operated vending machine, as prohibited by section 877.08, constitutes a criminal trespass. The petitioner, under the facts of this case, clearly participated in committing this unlawful act. We, therefore, approve the district court’s affirmance of the conviction for possession of burglary tools in violation of section 810.06, but we must disapprove that portion of the opinion which construes section 810.06 as applying to common-law trespass.
It is so ordered.
BOYD, A. C. J., and ALDERMAN, MCDONALD and EHRLICH, JJ., concur.

. W. LaFave & A. Scott, Handbook on Criminal Law § 85, at 622-30 (1972).

. See, e.g., § 812.14, Fla.Stat. (1981) (trespass and larceny with relation to utility or cable television fixtures); § 228.091, Fla.Stat. (1981) (trespass upon grounds or facilities of public schools); § 616.266 Fla.Stat. (1981) (trespass on the grounds of an authorized fair or exposition); § 581.122, Fla.Stat. (1981) (trespass on nursery stock); § 810.08, Fla.Stat. (1981) (trespass in a structure or conveyance); § 810.09, Fla.Stat. (1981) (trespass on property other *518 than structure or conveyance in defiance of posted notice against entry).

. See, e.g., § 806.13, Fla.Stat. (1981) (criminal mischief, the willful and malicious injury to any real or personal property of another); § 812.-014, Fla.Stat. (1981) (theft, obtaining or using the property of another with intent to deprive the other of the property); § 877.08, Fla.Stat. (1981) (tampering with a coin-operated vending machine).

. Section 810.08 defines and prescribes the punishment for trespass in a structure or conveyance, section 810.09 relates to trespass on property other than a structure or conveyance, and section 810.13 deals with cave vandalism and related offenses.