714 So.2d 1134 (1998)
Daryell CALLIAR, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2021.
District Court of Appeal of Florida, First District.
July 15, 1998.
Nancy A. Daniels, Public Defender; Mark E. Walker, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General; J. Ray Poole, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
Daryell Calliar (appellant) challenges the trial court's denial of his motion for judgment of acquittal on charges of possession of burglary tools and resisting arrest without violence.[1] We affirm.
Briefly stated, the evidence presented at trial established that at 12:45 p.m. on December 5, 1996, a middle school physical education teacher observed appellant attempting to cut the chain of a bicycle. The bicycle had been chained to a bicycle rack or stand located within a fenced area of the middle school. Appellant had entered the school premises through an open gate. The teacher used her walkie-talkie to notify the school resource officer. When appellant heard the teacher speaking to the officer, he straightened and slowly walked out of the fenced area. Upon reaching the sidewalk, appellant walked, then ran, down the street.
The teacher gave the school resource officer a description of appellant as the person she saw attempting to steal a bicycle, and advised the officer of the direction taken by appellant when he left the area of the bicycle rack. The officer saw a suspect running down the street who matched the description provided by the teacher. Appellant did not stop running, although the officer had been in uniform and appellant had an opportunity *1135 to see him. Instead, appellant changed direction and ran behind a house. As the officer gave chase, appellant discarded items from his person which later were determined to be a screwdriver and a pair of wire cutters. Appellant then turned toward the officer, at which point the officer placed appellant under arrest.
At the close of the state's case, defense counsel moved for judgment of acquittal. The trial court denied the motion, finding the evidence sufficient to present to the jury. The jury found appellant guilty as charged on all offenses charged in the information.
We first address the propriety of the trial court's denial of appellant's motion for a judgment of acquittal on the charge of possession of burglary tools. We are urged to reverse this conviction based on the cases of Hierro v. State, 608 So.2d 912 (Fla. 3d DCA 1992), and Thomas v. State, 531 So.2d 708 (Fla.1988).
We agree, however, with the state's contention that Hierro was wrongly decided, and that the underlying facts in this case support appellant's conviction. Hierro appears to hold that a person who intends to utilize tools to perpetrate a theft during the commission of a burglary cannot be convicted of possession of burglary tools. See Hierro, supra at 915. The analysis in Hierro ignores the fact that the intent to commit the theft at the time of the illegal entry is an element of the crime of burglary. The two charges should not be treated as separate incidents, but rather as one criminal episode with a unified intent. Section 810.06, Florida Statutes (1995), provides in pertinent part that
[w]hoever has in his or her possession any tool, machine, or implement with intent to use the same, or allow the same to be used, to commit any burglary or trespass shall be guilty of a felony of the third degree....
Florida Statutes define burglary as follows:
"Burglary" means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein....
§ 810.02(1), Fla. Stat. (1995). Thus, by definition, a burglary tool may be one that a perpetrator intends to use to enable him to gain entry or remain within the premises, or may be a tool which the perpetrator intends to use to commit an offense while within the premises.
Nothing in Thomas mandates reversal in this case. The issue in Thomas was whether a person could be convicted of possession of burglary tools merely by the characteristics of the tools, or whether the intent to use the tool in violation of the statute could only be determined by evidence demonstrating how it was to be used. See Thomas, supra at 709. In the instant case, no such issue exists. Appellant was seen using the tools during the commission of the burglary and the underlying theft. The intent to commit a theft constitutes an essential element of the burglary charge.
We also affirm the denial of appellant's motion for a judgment of acquittal on the charge of resisting arrest without violence. The crime of resisting arrest without violence involves two elements: (1) the officer's articulable well-founded suspicion of criminal activity justifying the attempt to detain, and (2) the defendant's flight with knowledge that the officer intended to detain him or her. See Robinson v. State, 667 So.2d 384, 386 (Fla. 1st DCA 1995); S.G.K. v. State, 657 So.2d 1246, 1247 (Fla. 1st DCA 1995); Harris v. State, 647 So.2d 206, 208 (Fla. 1st DCA 1994); F.E.C. v. State, 559 So.2d 413, 414 (Fla. 2d DCA 1990).
The record in this case indicates that appellant realized the physical education teacher had begun talking on a walkie-talkie after she observed appellant's activity at the bicycle rack. At that point, appellant first walked, then ran, from the scene. The resource officer was advised of the direction appellant had taken, and waited to intercept him. Although the record suggests the uniformed officer did not tell appellant to stop at any time during the chase, the record also discloses that the uniformed officer observed appellant run behind a house and then pull items from his waistband. After appellant discarded what later proved to be a screwdriver and wire cutters, he turned and confronted the officer. Here, the officer had a well-founded suspicion of criminal activity. While it is not clear appellant's initial flight had *1136 been with knowledge of the officer's presence or of the officer's intent to detain, appellant's subsequent discarding of the screwdriver and wire cutters suggests that he became aware of the officer's intent at some point prior to his arrest. Viewing the facts in a light most favorable to the state, a jury could have reasonably found appellant guilty of the charge of resisting arrest without violence. Thus, the trial court did not err in denying the motion for judgment of acquittal directed to this charge.
BARFIELD, C.J., and WOLF, J., concur.
JOANOS, J., dissents in part and concurs in part with written opinion.
JOANOS, Judge, dissenting in part and concurring in part.
In my opinion, the interpretation of the language of Section 810.06, Florida Statutes, regarding burglary tools, set out in Hierro v. State, 608 So.2d 912 (Fla. 3d DCA 1992), is more reasonable than the one offered by my colleagues in the majority opinion. However, assuming that the statute can be reasonably interpreted both ways, we must construe the provision most favorably to the accused. See § 775.021(1), Fla.Stat. (1995). The conviction on the charge of possession of burglary tools should be reversed.
I concur in the majority's affirmation of the conviction on the charge of resisting arrest without violence.
NOTES
[1] The state had also charged appellant with the offense of burglary of a structure. Appellant's burglary conviction is not contested in this appeal.