726 So.2d 326 (1999)
A.J.R., Appellant,
v.
STATE of Florida, Appellee.
No. 97-01443.
District Court of Appeal of Florida, Second District.
January 15, 1999.
Paula Shea, St. Petersburg, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and J. Andrew Meyer, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
A.J.R. challenges his adjudication of delinquency on the ground that the evidence was insufficient to prove he committed the offenses of grand theft of a motor vehicle and possession of burglary tools. We agree and reverse.
At the delinquency hearing, the State's evidence showed that the victim's car was stolen from a restaurant on South Dale Mabry Highway in Tampa sometime between 6:45 p.m., when the victim entered the restaurant, and 10:00 p.m., when he discovered the car was missing. A police officer located the car in downtown Tampa at about 11:45 p.m. The officer observed A.J.R. open the passenger door and enter the car. A.J.R. did not jimmy the door to gain entry. After A.J.R. got inside, the car drove away. About five minutes later, the officer saw the car again. A.J.R. was standing outside next to the passenger door. He ran away when he saw the policeman approaching, but he soon was apprehended. The officer found a screwdriver stuck in the waistband of A.J.R.'s pants. A.J.R. said that another boy had stolen the car.
A.J.R.'s mother testified that he had accompanied her to a doctor's appointment that afternoon. When they returned home, A.J.R. and a neighbor went to a drug store to pick up her prescription. After that, he was home until approximately 11:00 p.m. Other witnesses testified they saw A.J.R. in the downtown neighborhood that evening, but none saw him before 10:00 p.m. A.J.R. testified *327 that he was home until 10:00 or 11:00 p.m.
Concerning the grand theft charge, and viewing the record in a light most favorable to A.J.R.'s adjudication, the evidence at best established that he was a passenger in a previously-stolen vehicle. This fact was insufficient to prove a criminal intent to deprive or appropriate property, as required under the theft statute. See § 812.014(1), Fla. Stat. (1995); State v. G.C., 572 So.2d 1380, 1382 (Fla.1991) (explaining that a passenger who does not exercise possession, dominion or control of the car so as to indicate an intent to participate in its taking cannot be convicted of theft because there is insufficient proof of the specific intent required by the statute), receded from on other grounds, I.T. v. State, 694 So.2d 720 (Fla.1997). Under G.C., a juvenile's mere presence as an after-acquired passenger in a vehicle, with knowledge that it has been stolen, cannot support an adjudication for theft. The evidence in this case was insufficient to prove A.J.R. delinquent on the charge of grand theft of a motor vehicle.
We now turn to A.J.R.'s adjudication for possession of burglary tools. He was carrying a screwdriver, the alleged burglary tool, when the officer apprehended him. Moreover, the victim testified that his car's steering column had been broken, and that a police officer told him that a screwdriver could have been used to start his car. The victim also noted that the passenger door had been jimmied, presumably with a screwdriver.
In Thomas v. State, 531 So.2d 708, 709 (Fla.1988), our supreme court concluded that the burglary tool statute, section 810.06, Florida Statutes, describes and prohibits a crime in the nature of an attempt. The statute criminalizes an attempt to commit a burglary or trespass, which is discerned from possession of the tools, coupled with the accused's intent to use the tools in the commission of a crime. Thus, the State must prove that the defendant (1) specifically intended to commit a particular crime, and (2) took an overt act toward its commission. Id. at 710.
The only crime discussed at A.J.R.'s hearing was the theft of the car, so we presume the "particular crime" for purposes of the burglary tool statute was the entry into the car to effect the theft.[1] As we discussed when reviewing A.J.R.'s grand theft conviction, the evidence was insufficient to prove he intended to steal. The same applies to A.J.R.'s alleged intent to commit burglary. Even if there had been such evidence, the State failed to prove the second prong of the test. The only evidence of an overt act on A.J.R.'s part was the officer's testimony that he saw A.J.R. enter the passenger door of the car. But that was at least an hour after the car was stolen, and the officer did not see A.J.R. using the screwdriver, the alleged burglary tool, to get into the car. Even assuming that a screwdriver was used to gain entry to the vehicle, no evidence established that it was the screwdriver found in A.J.R.'s possession. Moreover, the State's evidence did not connect A.J.R. with the car at the time and the place it was originally broken into. In short, the State failed to prove that A.J.R. illegally possessed burglary tools.
Reversed and remanded with directions to discharge A.J.R.
PATTERSON, A.C.J., and DANAHY, PAUL W. (SENIOR) JUDGE, Concur.
NOTES
[1] We note that the First and Third Districts are in conflict concerning whether section 810.06, Florida Statutes, can be applied to the defendant's use of the tools to commit a theft rather than the actual burglary. In Hierro v. State, 608 So.2d 912 (Fla. 3d DCA 1992), the court commented that grand theft is not a crime enumerated in section 810.06, and therefore it cannot be used as the underlying crime for conviction of possession of burglary tools. The First District disagreed with that reasoning in Calliar v. State, 714 So.2d 1134 (Fla. 1st DCA 1998). It viewed the intent to commit the theft at the time of the illegal entry as an element of the burglary. Thus, it held that a burglary tool "may be one that a perpetrator intends to use to enable him to gain entry or remain within the premises, or may be a tool which the perpetrator intends to use to commit an offense while within the premises." Id. at 1135. We need not enter this debate because the testimony in this case indicates that a screwdriver could have been used both to enter the car and to start it.