760 So.2d 885 (1999)
Daryell CALLIAR, Petitioner,
v.
STATE of Florida, Respondent.
No. 93,592.
Supreme Court of Florida.
December 2, 1999.
Rehearing Denied April 12, 2000.
Nancy A. Daniels, Public Defender, and Mark E. Walker, by special designation, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Sherri Tolar Rollison and J. Ray Poole, Assistant Attorneys General, Tallahassee, Florida, for Respondent.
ANSTEAD, J.
This is a review of the district court's decision in Calliar v. State, 714 So.2d 1134 (Fla. 1st DCA 1998), based upon direct and express conflict with the decision in Hierro v. State, 608 So.2d 912 (Fla. 3d DCA 1992). We have jurisdiction. See Art. V, § 3(b)(3) of the Florida Constitution. For the following reasons, we quash the district court decision and approve the holding of Hierro v. State that a conviction of possession of burglary tools requires proof of an intention to use the tools in a burglary or trespass.

FACTS
A middle school teacher observed Daryell Calliar on school grounds attempting to break the chain of a bicycle with wire cutters and a screwdriver. The bicycle was chained to a rack within a fenced area of the school. Calliar had entered the fenced area through an open gate. After his arrest, a jury convicted Calliar of possession of burglary tools in violation of section 810.06, Florida Statutes (1995), as well as burglary of an occupied structure and resisting an officer without violence.
Calliar appealed his conviction for possession of burglary tools to the First District Court of Appeal, asserting that section 810.06 criminalizes possession with intent to use a tool to commit a burglary or trespass but does not criminalize the possession of a tool with intent to use it to commit a theft.[1] Calliar relied upon *886 the ruling to that effect announced in Hierro v. State, 608 So.2d 912 (Fla. 3d DCA 1992). The First District affirmed Calliar's conviction and expressed its disagreement with the holding in Hierro:

Hierro appears to hold that a person who intends to utilize tools to perpetrate a theft during the commission of a burglary cannot be convicted of possession of burglary tools. See Hierro, supra at 915. The analysis in Hierro ignores the fact that the intent to commit the theft at the time of the illegal entry is an element of the crime of burglary. The two charges should not be treated as separate incidents, but rather as one criminal episode with a unified intent.
... Thus, by definition, a burglary tool may be one that a perpetrator intends to use to enable him to gain entry or remain within the premises, or may be a tool which the perpetrator intends to use to commit an offense while within the premises.

Calliar, 714 So.2d at 1135 (emphasis added). Judge Joanos dissented from the panel's decision and expressed his agreement with the reasoning in Hierro:
[T]he interpretation of the language of Section 810.06, Florida Statutes, regarding burglary tools, set out in Hierro v. State, 608 So.2d 912 (Fla. 3d DCA 1992), is more reasonable than the one offered by my colleagues in the majority opinion. However, assuming that the statute can be reasonably interpreted both ways, we must construe the provision most favorably to the accused. See § 775.021(1), Fla. Stat. (1995). The conviction on the charge of possession of burglary tools should be reversed.
Id. at 1136.

POSSESSION OF BURGLARY TOOLS
Section 810.06, Florida Statutes (1995), provides:
Whoever has in his possession any tool, machine, or implement with intent to use the same, or allow the same to be used, to commit any burglary or trespass shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(Emphasis added.) In Hierro, the Third District, in an opinion authored by Judge Cope, explained the meaning of section 810.06:
That statute provides, "[w]hoever has in his possession any tool, machine, or implement with intent to use the same ... to commit any burglary or trespass shall be guilty of a felony of the third degree...." (Emphasis added). The statute thus requires proof "not merely that the accused intended to commit a burglary or trespass while those tools were in his possession, but that the accused actually intended to use those tools to perpetrate the crime." Thomas v. State, 531 So.2d 708, 709 (Fla.1988) (emphasis added).
Here, the defendant was charged with stealing a car. He was also charged with possessing a screwdriver as a burglary tool. The screwdriver was found in the vehicle near the driver's seat. There was testimony at trial from which the jury could find that the screwdriver was used to break the steering column and/or start the vehicle.
While the testimony provided a basis on which the jury could find that the screwdriver was used to effectuate the theft of the vehicle, theft is not one of the offenses enumerated in section 810.06. In order for the State to establish that the screwdriver was a burglary tool, the State needed to adduce testimony showing that the defendant used, or actually intended to use, the screwdriver to commit a burglary or trespass. Id.; see §§ 810.02, 810.06, 810.08, Fla. Stat. (1991). There was no evidence at trial from which the jury could find that the defendant used the screwdriver to gain entry to the vehicle, nor evidence from which the jury could determine that the defendant possessed the screwdriver with the intent to use it to gain entry to the vehicle. That being so, the conviction *887 under section 810.06 must be reversed.
608 So.2d at 915 (emphasis added). Like Judge Joanos in dissent, we agree with this straightforward construction of section 810.06.
In essence, we conclude that the crime of possession of burglary tools is just what it appears to be: possession of tools used or intended to be used to unlawfully enter the premises of another. We are obligated to give statutes and the words they use their plain meaning. See Capers v. State, 678 So.2d 330, 332 (Fla. 1996); Weber v. Dobbins, 616 So.2d 956, 958 (Fla.1993). In this case that means construing "burglary tools" as tools used or intended to be used in committing a burglary or trespass as section 810.06 explicitly provides. The statute does not encompass, however, any item that may be used to commit some other offense once the burglary has been accomplished, even if that "other offense" is the offense that the defendant intended to commit once he had accomplished the burglary.
Section 810.02(1), Florida Statutes (1995), defines burglary to mean "entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein." Under the plain language of section 810.02(1), once Calliar unlawfully entered the school property, he did not have to commit the additional offense intended to be committed within the burglarized premises in order to commit burglary; rather, he need only have intended to commit the additional offense, whether it be theft or some other offense, such as vandalism. The burglary or trespass at issue was complete as soon as Calliar entered the fenced area containing the bike racks with the intent to commit an additional offense. See State v. Stephens, 601 So.2d 1195, 1197 (Fla.1992) (recognizing that a burglary is "complete" once a defendant enters a conveyance with the requisite intent to steal it).
We conclude that accepting the First District's construction of section 810.06 would not only be inconsistent with the plain language of the statute but also could lead to unreasonable, if not absurd, results. For example, we do not agree with the contention of the State asserted at oral argument that if a defendant possessed spray paint which he intended to use to deface a school after breaking in, he could be convicted of possession of burglary tools on the basis of his possession of the paint. The paint, of course, would obviously not be something a defendant would ordinarily use to facilitate a burglary.
Under the First District's holding and the State's interpretation of section 810.06, a defendant could even acquire the paint, or other item, after entering the premises, and use the item to commit some other crime, like vandalism, and then be convicted of possession of burglary tools for possessing the paint, water, chalk, or other item used to commit the vandalism. We reject such an interpretation of the plain language of section 810.06. As the statute provides, the unlawful tools contemplated are those intended to be used to facilitate the burglary and not things used to commit other crimes after the burglary is complete.
In this case, as in Hierro, there was no evidence presented that Calliar used or intended to use the tools he possessed to commit burglary. He entered the premises through an open gate. That being so, there was no evidence from which the jury could find petitioner guilty of possession of burglary tools.[2] At most, the evidence supports a finding that petitioner possessed the tools with the intent to commit a theft, i.e., to steal a bike.
Accordingly, based upon the foregoing analysis, we quash the First District's decision *888 affirming Calliar's conviction for possession of burglary tools, approve the Third District's decision in Hierro, and remand for further proceedings consistent herewith. Calliar's other convictions are not affected by our ruling.
It is so ordered.
HARDING, C.J., and SHAW, PARIENTE and LEWIS, JJ., concur.
WELLS, J., dissents with an opinion, in which QUINCE, J., concurs.
WELLS, J., dissenting.
I dissent. Section 810.06, Florida Statutes (1995), when read in conjunction with the definition of burglary set forth in section 810.02(1), criminalizes the possession of burglary tools with an intent to use the tool either to enter a premises or to commit an offense while unlawfully on the premises. The First District Court of Appeal correctly stated in the decision below that Hierro v. State, 608 So.2d 912 (Fla. 3d DCA 1992), was wrongly decided. The district court found that:

Hierro appears to hold that a person who intends to utilize tools to perpetrate a theft during the commission of a burglary cannot be convicted of possession of burglary tools. The analysis in Hierro ignores the fact that the intent to commit the theft at the time of the illegal entry is an element of the crime of burglary. The two charges should not be treated as separate incidents, but rather as one criminal episode with a unified intent. Section 810.06, Florida Statutes (1995), provides in pertinent part that
[w]hoever has in his or her possession any tool, machine, or implement with intent to use the same, or allow the same to be used, to commit any burglary or trespass shall be guilty of a felony of the third degree....
Florida Statutes define burglary as follows:
"Burglary" means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein....
§ 810.02(1), Fla. Stat. (1995). Thus, by definition, a burglary tool may be one that a perpetrator intends to use to enable him to gain entry or remain within the premises, or may be a tool which the perpetrator intends to use to commit an offense while within the premises.
Calliar v. State, 714 So.2d 1134, 1135 (Fla. 1st DCA 1998) (citation omitted).
Judge Cope's opinion in Hierro places a restriction in the statute that the legislature did not intend to provide. A burglary can be committed by remaining in a structure with the intent to commit a crime. By requiring the tools to be used to gain entry into the structure, the majority narrows the scope of the statute. There is no basis in the language of these statutes for reading section 810.06 to require that the tool must be used to gain entry into the place to be burglarized. Common sense dictates the result reached by the First District. In this case, Calliar used his wire cutters and screwdriver to perpetrate the crime of burglary. I would approve the First District's decision in this case and disapprove Hierro.
QUINCE, J., concurs.
NOTES
[1] Petitioner also appealed his conviction for resisting an officer without violence.
[2] As noted by Judge Joanos, to the extent section 810.06 may be susceptible to differing interpretations, this Court must construe section 810.06 most favorably to petitioner. See § 775.021(1), Fla. Stat. (1995).