PER CURIAM.
A.R.M., a juvenile, appeals the trial court’s final order adjudicating that he was in possession of a burglary tool, thereby committing a delinquent act. A.R.M. was also adjudicated guilty and sentenced for resisting an officer without violence, which adjudication was not appealed. We reverse the order adjudicating that he was in possession of a burglary tool.
A.R.M. was apprehended when he and four other persons fled from a stolen purple Dodge Neon. A.R.M. exited from the back seat of the vehicle and was in possession of a screwdriver when he was apprehended. The steering column on the stolen Dodge Neon had been broken, so that the vehicle could be started with a screwdriver. However, there was no evidence presented as to a burglary or trespass of the vehicle. See Desin v. State, 414 So.2d 516 (Fla.1982); § 810.06, Fla. Stat. (1999). The officers only saw A.R.M. run from the stolen vehicle while in possession of the screwdriver. See A.J.R. v. State, 726 So.2d 326, 327 (Fla. 2d DCA 1999).
*1093 In Calliar v. State, 760 So.2d 885 (Fla.1999), the Florida Supreme Court approvingly cited Hierro v. State, 608 So.2d 912 (Fla. 3d DCA 1992), which held:
In order for the State to establish that the screwdriver was a burglary tool, the State needed to adduce testimony showing that the defendant used, or actually intended to use, the screwdriver to commit a burglary or a trespass. [Thomas v. State, 531 So.2d 708, (Fla.1988) ]; see §§ 810.02, 810.06, 810.08, Fla. Stat. (1991). There was no evidence at trial from which the jury could find that the defendant used the screwdriver to gain entry to the vehicle, nor evidence from which the jury could determine that the defendant possessed the screwdriver with the intent to use it to gain entry to the vehicle. That being so, the conviction under section 810.06 must be reversed.
608 So.2d at 915.
We therefore reverse the order adjudicating that A.R.M. was in possession of a burglary tool.
Reversed.
NORTHCUTT, A.C.J., and GREEN, J., and CARLIN, JOHN SCOTT, Associate Judge, Concur.