SHAHOOD, J.
Appellant was observed by three undercover officers approaching a house on his bicycle. The house was described by one witness as having a big yard with a chain *1266 link fence around it, and a driveway with a closed gate. Appellant parked his bicycle on the sidewalk, and proceeded through the unlocked gate on to the property and up to the house. He peered through the window of the house, and then began jiggling the air conditioning unit which was mounted in the window. He removed various pieces of aluminum from around the frame of the air conditioner, and placed the aluminum in a pile by the fence. Then, he returned to his bicycle, retrieved a bag containing a pair of pliers, and went back to the air conditioner. With the pliers, appellant removed the bolts which held the unit in the window frame. He then pushed the unit, and it fell into the house.
A jury found appellant guilty of burglary of a dwelling (count I) and possession of burglary tools (count II). He was acquitted of two other charges. He appeals his convictions, as well as the habitual offender sentence of concurrent, twelve — and ten-year prison terms. We affirm the conviction on count I without further discussion, but reverse the conviction on count II.
With regard to the charge of possession of burglary tools, appellant argues that he was entitled to a judgment of acquittal because the evidence in this case showed that the pliers were used to commit, at most, a theft, and not a burglary. We agree. In Calliar v. State, 760 So.2d 885 (Fla.1999), the supreme court distinguished between a tool which was used or intended to be used to commit a burglary and a tool used or intended to be used to commit an offense once inside the premises. The court held that possession of the former will support a conviction of possession of burglary tools, while possession of the latter will not. See also § 810.06, Fla. Stat. (1999)(“Whoever has in his or her possession any tool, ... with intent to use the same, ... to commit any burglary or trespass shall be guilty of a felony of the third degree.”) In Calliar, the court reversed the conviction for possession of burglary tools where it was shown that the appellant had unlawfully entered the premises through an open gate, and that he possessed the tools with the intent to commit a theft of a bicycle, not to facilitate his entry on to the premises. Id. at 887.
The holding in Calliar is consistent with the burglary statute, where the terms “structure” and “dwelling” include the cur-tilage. See § 810.011(1), (2), Fla. Stat. (2000). The “curtilage” includes the grounds surrounding the property, so long as it is enclosed. See generally State v. Hamilton, 660 So.2d 1038, 1044-45 (Fla.1995).
In this case, the Information states, [appellant] did unlawfully, enter or remain in a structure, to-wit: a dwelling, or the curtilage thereof, ..., with intent to commit therein the offense of Theft,
It was established that a chain link fence surrounded the house, and that appellant had no authority to enter. Thus, once appellant entered the curtilage through the gate, the burglary of “a dwelling, or the curtilage thereof’ was complete. Since appellant did not use the pliers to facilitate his entry on to the property, his conviction for possession of burglary tools was improper.
Accordingly, appellant’s conviction on count II is reversed, and the cause remanded for resentencing. At sentencing, the state shall be allowed to present evidence of all elements necessary to substantiate a habitual offender sentence.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
WARNER and KLEIN, JJ., concur.