PER CURIAM.
Appellant, A.W., a juvenile, appeals the denial of his motion for judgment of dismissal, and the subsequent final order finding him guilty of grand theft of a motor vehicle and possession of burglary tools. We reverse as to the conviction for possession of burglary tools, as it is unsupported by competent and substantial evidence.
This case began when a deputy stopped a stolen car in which A.W. was a passenger. A.W. admitted to stealing the car and informed the deputy that he used a screwdriver to start the car. The deputy found the screwdriver on the driver’s side of the vehicle, and took it into custody. The vehicle’s ignition column was damaged so that an object like a knife or screwdriver could start the car. At trial, the State presented testimony from the owner of the *846 car to prove that the car was indeed stolen. At the close of the State’s case, A.W.’s counsel moved for a judgment of dismissal, arguing that the State had failed to offer evidence that the screwdriver was used to commit a burglary and had failed to prove the required elements to establish a prima facie case for possession of burglary tools. The motion was denied.
Section 810.06, Florida Statutes, defines the crime of possession of burglary tools. The statute reads, in relevant part: “Whoever has in his or her possession any tool, machine, or implement with intent to use the same, or allow the same to be used, to commit any burglary or trespass shall be guilty of a felony of the third degree.... ” § 810.06, Fla. Stat. The State must prove possession of the tools, and intent to use the tool in the commission of a burglary or trespass.
This case is similar to Hierro v. State, 608 So.2d 912 (Fla. 3d DCA 1992). In Hierro, the defendant was charged with stealing a car and with possession of burglary tools. Id. As in this case, a screwdriver was found in the car. The defendant was convicted on both counts, but the Third District overturned his conviction as to the possession of burglary tools. The appellate court found:
While the testimony provided a basis on which the jury could find that the screwdriver was used to effectuate the theft of the vehicle, theft is not one of the offenses enumerated in section 810.06. In order for the State to establish that the screwdriver was a burglary tool, the State need to adduce testimony showing that the defendant used, or actually intended to use, the screwdriver to commit a burglary or trespass. That being so, the conviction under section 810.06 must be reversed.
Id. at 915 (emphasis added). The Florida Supreme Court adopted this view in Calliar v. State, 760 So.2d 885 (Fla.1999). The Court stated:
In this case, as in Hierro, there was no evidence presented that Calliar used or intended to use the tools he possessed to commit burglary. He entered the premises through an open gate. That being so, there was no evidence from which the jury could find petitioner guilty of possession of burglary tools. At most, the evidence supports a finding that petitioner possessed the tools with the intent to commit a theft, i.e., to steal a bike.
Id. at 887.
There was no evidence presented at trial from which the trial court could determine that A.W. possessed the intent to use the screwdriver to gain access to the stolen car. While the evidence presented at trial supported the finding that A.W. used the screwdriver to start the vehicle, this is not the finding necessary to support a conviction for possession of burglary tools. Accordingly, we reverse A.W.’s conviction for possession of burglary tools.
POLEN, KLEIN and SHAHOOD, JJ., concur.