PER CURIAM.
 

 Appellant, Jerry Hardwick, appeals his convictions for burglary of a building and possession of burglary tools. We affirm the trial court’s denial of Hardwick’s motion to dismiss, but reverse the court’s denial of Hardwick’s motion for judgment of acquittal on the charge of possession of burglary tools, because the evidence did not establish that he intended to use the tool found in his possession to commit a burglary or a trespass.
 

 The state did not put on any evidence of forced entry, but only evidence that Hardwick carried wire cutters in order to cut copper tubing and electrical wiring inside a house under construction for the purpose of stealing it. The offense of possession of burglary tools requires proof that the defendant used or intended to use the tools in the course of unlawfully entering the premises of another, which is not satisfied by proof that the defendant intended to use the tools to commit an offense after entering the premises.
 
 See Calliar v. State,
 
 760 So.2d 885 (Fla.1999) (quashing the conviction for possession of burglary tools because the evidence showed that the defendant entered through an open gate, and thus the state proved only that he possessed the tools with the intent to commit a theft inside and not that he intended to use the tools to get onto the premises).
 
 Accord Burke v. State,
 
 672 So.2d 829 (Fla. 1st DCA 1995).
 

 Affirmed in part and reversed in part.
 

 WOLF, PADOVANO, and THOMAS, JJ., concur.