LAWSON, J.
Robert Michael appeals from his conviction and sentence on a single charge of burglary of a dwelling, arguing that the evidence at trial was insufficient to sustain the conviction. We agree with Michael that Munoz v. State, 937 So.2d 686 (Fla. 2d DCA 2006), when applied to the facts of this case, would require a reversal with instructions that the trial court enter a conviction to the lesser charge of burglary of an unoccupied structure.[1] As in Munoz, the uncontroverted evidence in this case established that the structure burglarized was “designed to be occupied by people lodging therein at night,” had been occupied as a dwelling in the recent past, had an intact roof, but was undergoing interior renovations that rendered it temporarily uninhabitable.
The issue before us is one of statutory construction. In our view, the statute in plain terms defines a structure that is designed to be occupied by people for lodging at night as a dwelling, even if temporarily rendered unsuitable for that use. The majority in Munoz added an additional element to the plain language of the statute which requires the state to also prove that the structure was habitable as a dwelling on the date of the offense. The Munoz majority reached this result based upon its reading of Perkins v. State, 682 So.2d 1083 (Fla.1996). We agree with the well-reasoned dissent in Munoz, which concluded that Perkins does not require that this additional element be read into the statute, and explains why the statute should be read in accordance with its unambiguous terms. We see no reason to repeat that analysis here, but affirm Michael’s conviction and certify conflict with Munoz. See Baker v. State, 636 So.2d 1342, 1344 (Fla.1994) (“The power to prohibit and criminalize certain acts is within the province of the legislature, not the courts. The burglary statute is clear and unambiguous, and this Court ‘may not modify it or shade it out of any consideration of policy or regard for untoward consequences.’ ”) (quoting McDonald v. Roland, 65 So.2d 12, 14 (Fla.1953)).
In doing so, we note that we find no merit to Michael’s contention that the evidence was insufficient to demonstrate his unauthorized entry into the structure as well. The State presented direct evidence from a neighbor who saw Michael pry open a fence and enter the back yard of the dwelling, and another eye witness who noted the tag number of the vehicle that Michael used to approach and leave the scene. These witnesses testified that Michael disappeared from view into the back yard of the home, and emerged about fifteen minutes later. The homeowner’s contractor had been at the house before *576 Michael arrived, but had left to buy some supplies at Lowe’s. He testified that the house was secured when he left. He returned after Michael’s entry into the back yard, and found that screens on the back of the house had been removed; that windows had been partially opened; and, that some of the insulation and woodwork had been removed. It was clear from the testimony that this damage was done in an unsuccessful attempt to gain entry into the house itself. It appears undisputed that whoever damaged the back of the house had entered the curtilage without the owner’s permission. See § 810.011(2), Fla. Stat. (2008); Dukes v. State, 796 So.2d 1265 (Fla. 4th DCA 2001) (“[0]nce appellant entered the curtilage ... the burglary of ‘a dwelling or the curtilage thereof was complete.”). We agree with the State that the combination of its direct eyewitness testimony placing Michael in the back yard along with the circumstantial evidence (the condition of the home before and after Michael’s entry into the backyard) showing unauthorized entry into the curtilage, was legally sufficient to permit a verdict.
AFFIRMED; CONFLICT CERTIFIED.
GRIFFIN and ORFINGER, JJ., concur.

. We deem this issue to be preserved at least to the extent that Appellant raises the specter of ineffectiveness of trial counsel. Nesbitt v. State, 819 So.2d 993, 995 n. 1 (Fla. 5th DCA 2002) (Harris, J., concurring specially); Eure v. State, 764 So.2d 798 (Fla. 2d DCA 2000).