PER CURIAM.
The appellant, Randolph Clark, appeals his convictions for burglary of a dwelling or structure with damage in excess of $1,000, and possession of burglary tools. Clark raises three issues on appeal, asserting that the trial court erred by (1) denying his motion for judgment of acquittal on the charge of burglary of a structure with damage; (2) denying his motion for judgment of acquittal on the charge of possession of burglary tools; and (3) prohibiting defense questioning of law enforcement witnesses. We affirm issues one and three without discussion, but we reverse as to the second issue. We find that the state properly concedes a lack of competent substantial evidence to support Clark’s conviction on the charge of possession of burglary tools pursuant to the Florida Supreme Court’s decision in Calliar v. State, 760 So.2d 885 (Fla.1999), and this court’s decision in Hardwick v. State, 16 So.3d 1045 (Fla. 1st DCA 2009).
At trial, the state presented the testimony of law enforcement officers who were at the scene when Clark was arrested. Officer Vought testified that when he arrived at the scene, Clark had been squatting down behind an air conditioner unit where tools and pieces of copper tubing were later found. Officer Vought testified that upon arrest for suspected burglary, Clark stated, “I’m just getting scraps to make money for my kids.” Officer Kremler testified that to his knowledge Clark never went inside the building, and there was no evidence of any forced entry into the building. The testimony of Officer Carmona was consistent with that of Officers Vought and Kremler; he also testified that he saw nothing to indicate that Clark had ever tried to enter the building.
To establish the elements of possession of burglary tools, the state was required to present competent substantial evidence to support the following elements: (1) Clark intended to commit a burglary; (2) Clark had in his possession tools that he intended to use in the commission of the burglary; and (3) Clark did some overt act toward the commission of a burglary. See § 810.06, Fla. Stat. (2009); Fla. Std. Jury *403 Instr. (Crim.) 13.2. Clark argues that the evidence presented at trial was insufficient to support the charge of possession of burglary tools because the tools that were recovered from his possession would only support a finding that they were intended to be used to cut the copper tubing on the air conditioner units, but the evidence was insufficient to show that the tools were to be used in the commission of a burglary. We agree.
In Hardwick v. State, 16 So.3d 1045 (Fla. 1st DCA 2009), as in this case, the defendant appealed his convictions for burglary of a building and possession of burglary tools. At trial, Hardwick had moved for a judgment of acquittal as to the charge of possession of burglary tools, arguing that the evidence did not establish that he intended to use the tools found in his possession to commit a burglary or a trespass. In reversing the trial court’s denial of the defendant’s motion for judgment of acquittal in Hardwick, this court noted that the state did not put on any evidence of forced entry, but only evidence that the defendant carried wire cutters in order to cut copper tubing and electrical wiring, and we held that without proof that the defendant used or intended to use the tools in his possession to enter a structure, the elements of the crime of possession of burglary tools had not been met:
The offense of possession of burglary tools requires proof that the defendant used or intended to use the tools in the course of unlawfully entering the premises of another, which is not satisfied by proof that the defendant intended to use the tools to commit an offense after entering the premises.
Id. at 1046 (citing Calliar v. State, 760 So.2d 885 (Fla.1999)). In Calliar, the defendant was convicted for possession of burglary tools after he was arrested for entering a fenced-in area of a middle school through an open gate and attempting to break the chain of a bicycle with wire cutters and a screwdriver. There, the Florida Supreme Court held that the crime of possession of burglary tools requires proof that the tools were used or were intended to be used to unlawfully enter the premises of another:
We are obligated to give statutes and the words they use their plain meaning. In this case that means construing “burglary tools” as tools used or intended to be used in committing a burglary or trespass as section 810.06 explicitly provides. The statute does not encompass, however, any item that may be used to commit some other offense once the burglary has been accomplished, even if that “other offense” is the offense that the defendant intended to commit once he had accomplished the burglary.
Section 810.02(1), Florida Statutes (1995), defines burglary to mean “entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein.” Under the plain language of section 810.02(1), once Calliar unlawfully entered the school property, he did not have to commit the additional offense intended to be committed within the burglarized premises in order to commit burglary; rather, he need only have intended to commit the additional offense, whether it be theft or some other offense, such as vandalism. The burglary or trespass at issue was complete as soon as Calliar entered the fenced area containing the bike racks with the intent to commit an additional offense.
Id. at 887 (emphasis in original) (citations omitted).
Here, although the state may have presented competent substantial evidence to establish that Clark possessed the tools and used them to cut and remove the *404 copper tubing on the roof of the building, the evidence presented was insufficient to demonstrate that any of the tools were used to gain access to the building, or that Clark intended to use them for entering the building. On the contrary, there was no evidence of entry into the building at all, nor was there any testimony or evidence presented to show that Clark used or intended to use the tools in any way to gain access to the rooftop. Therefore, in accordance with the Florida Supreme Court’s decision in Calliar and this court’s decision in Hardwick, Clark’s conviction for possession of burglary tools must be REVERSED.
LEWIS, CLARK, and ROWE, JJ., concur.