BENTON, J.
Jesse A. Fortson appeals convictions for burglary and possession of burglary tools. We affirm the burglary conviction. But we agree the evidence put on to prove possession of burglary tools was insufficient to establish their use or intended use to gain entry. Accordingly, we reverse the conviction for possession of burglary tools, and remand for resentencing.
Under binding precedent, where tools are not employed or intended to be used to gain entry, their possession is not the crime of possession of burglary tools. See Calliar v. State, 760 So.2d 885, 886-87 (Fla.1999) (holding section 810.06, Florida *415 Statutes, “requires proof ‘not merely that the accused intended to commit a burglary or trespass while those tools were in his possession, but that the accused actually intended to use those tools to perpetrate the crime’ ” (quoting Hierro v. State, 608 So.2d 912, 915 (Fla. 3d DCA 1992) (quoting Thomas v. State, 531 So.2d 708, 709 (Fla.1988)))); Clark v. State, 58 So.3d 401, 403-04 (Fla. 1st DCA 2011) (holding evidence was insufficient to support the charge of possession of burglary tools because the tools recovered from his possession would only support a finding that they were intended to be used to cut the copper tubing on the air conditioner units).
A self-service junkyard; Pick-n-Pull has an inventory of “junked” vehicles spread over “10 to 12 acres” enclosed by an electric fence. Customers looking for used vehicle parts pay two dollars for the privilege of entering the junkyard to remove parts themselves with their own tools. A sign on the premises reportedly says: “We do not loan tools, we do not pull parts.” After collecting track or car parts they want to buy, customers check out at a cash register where they pay for the parts. Responding to an alarm company’s notification more than two hours after the business had closed for the evening on September 26, 2013, police officers observed Mr. Fortson for more than fifteen minutes walking up and down the yard and removing parts from vehicles.
When officers entered the premises, he attempted to conceal himself among the vehicles. But, as he told it, he had entered legally after paying the entry fee and signing a ledger (albeit with a fictitious name), and remained in the junkyard accidentally when the business closed for the evening. The prosecution theory was that he remained on the premises surreptitiously, after the junkyard closed, with the intent to commit theft, thereby committing burglary. See § 810.02(1)(b)2.a., Fla. Stat. (2013). The jury found him guilty of burglary, and we affirm his burglary conviction.
We reverse appellant’s conviction for possession of burglary tools, however, because there was no evidence that Mr. Fortson used or intended to use his tools to gain entry to the Pick-n-Pull premises. After Mr. Fortson was apprehended, officers located his tools, as well as some items he had apparently removed from vehicles in the junkyard, in an unlocked garage on the property. The tools and salvaged parts were found near a sliding door, but there was no evidence of a forced entry at this or any other site.
“The offense of possession of burglary tools requires proof that the defendant used or intended to use the tools in the course of unlawfully entering the premises of another, which is not satisfied by proof that the defendant intended to use the tools to commit an offense after entering the premises.” Hardwick v. State, 16 So.3d 1045, 1046 (Fla. 1st DCA 2009). We must read section 810.06, Florida Statutes (2013) (providing “Whoever has in his or her possession any tool, machine, or implement with intent to use the same, or allow the same to be used, to commit any burglary or trespass shall be guilty of a felony of the third degree ....”) with the gloss of Calliar, Thomas, Hardwick, and Clark.
Appellant’s conviction for possession of burglary tools under the statute as thus definitively construed constitutes fundamental error. See F.B. v. State, 852 So.2d 226, 230 (Fla.2003) (holding fundamental error “occurs when the evidence is insufficient to show that a crime was committed at all”); Harris v. State, 647 So.2d 206, 208 (Fla. 1st DCA 1994) (reversing conviction because “(cjonviction of a crime which did *416 not take place is- a fundamental error, which the appellate court should correct even when no timely objection or motion for acquittal was made below”). Cf. Young v. State, 141 So.3d 161, 165 (Fla.2013) (finding defendant waived issue of whether a building constituted a dwelling under the burglary statute, where the defendant did not argue at trial that the building was not a dwelling and the‘evidence established the defendant had, at thé least, committéd burglary of a structure); Monroe v. State, 148 So.3d 850, 859 (Fla. 1st DCA 2014) (rejecting ‘ claim' of fundamental error based on failure to prove the' age of a defendant charged with capital sexual battery and lewd and lascivious molestation committed against a victim younger than 12 years old by a person 18 or older, because there was competent, substantial evidence the defendant, “committed sexual battery and lewd or lascivious molestation at least as a juvenile, even if not as an adult”), review granted, 168 So.3d 227,(Fla.2014).
The state did not even argue that Mr. Fortson used the tools to gain entry onto the business premises, or that he intended to. The state argued only that appellant “was using’ those tools to take parts off of a car and taking parts off of a car and using those tools is possession of burglary tools.” On the state’s own theory, no crime occurred other than the burglary itself. The conviction for possession of burglary tools cannot stand, and the case must be remanded for resentencing.
Affirmed in part, reversed in part, and remanded. ■
■MARSTILLER and OSTERHAUS, JJ„ concur.